## Mrs. Lula Bradley v. Trinity State Bank.

No. 5174.   Decided March 13, 1929.
(14 S. W., 2d Series, 810.)

*Stewart, De Lange & Milheiser,* for appellant.

Our Courts have often held that the right to be sued in the County of one's residence is a valuable right and is not to be taken from defendant unless plaintiff discharges the burden of showing a cause of action against defendant and that same is performable in the County of suit, and that the particular exception relied upon is clearly established by plaintiff. Cohen v. Munson, 59 Texas, 236; Lindheim v. Muschamp, 72 Texas, 33; Laster v. Waits, 95 Texas, 553; Graves v. Banks, 77 Texas, 555; Pecos & Northern Railway Co. v. Thompson, 106 Texas, 456, 167 S. W., 807; Coalson v. Holmes, 111 Texas, 502, 249 S. W., 187; Hilliard v. Wilson, 76 Texas, 180; Railway Co. v. Mangum, 68 Texas, 342; Richardson v. D. S. Cage Co., 252 S. W., 747; Allison & Sons v. Hamic, 260 S. W., 1037; Witting v. Towns, 265 S. W., 410; First National Bank v. Gates, 213 S. W., 720; Bledsoe v. Barber, 220 S. W., 371; Nagle v. Weathersby, 236 S. W., 510; Neyland v. Benson, 292 S. W., 251; Sargent v. Wright, 230 S. W., 781; Eidermann v. Hanson, 285 S. W., 847; Kasch v. Williams, 251 S. W., 812; T. P. Moor & Co. v. American Indemnity

Co., 280 S. W., 342; Graves v. McCollum, 193 S. W. 217; Durango v. Shaw, 165 S. W., 490; Cannel Coal Co. v. Luma, 144 S. W., 721; Hutchinson v. Hamilton, 223 S. W., 864; Strawn v. Texas Grain Co., 230 S. W., 1092; Russell v. Green, 214 S. W., 448; Elliott Jones & Co. v. M. K. Towns Products Co., 283 S. W., 246; Long v. Pope, 267 S. W., 735; Penix v. Davis, 265 S. W., 718; Clark v. Taylor, 223 S. W., 878; First National Bank v. Bullis, 243 S. W., 577.

That a married woman is not liable on a note not made for the benefit of her separate estate or for necessaries for herself or children are propositions too well established by the authorities to require any extended argument. We cite a few of the leading cases: Red River Nat. Bank v. Ferguson, 206 S. W., 93; Harris v. Fox, 46 Texas, 79; Union Trust Co. v. Grosman, 243 U. S., 410; Shaw v. Proctor, 193 S. W., 1104; Lynch v. Elkes, 21 Texas, 229; Poe v. Hall, 241 S. W., 708; Smith v. Wilson, 32 S. W., 434; Akin v. Thompson, 196 S. W., 625; Ware v. Hall, 273 S. W., 925; Fisk v. Warren, 248 S. W., 406; Hall v. Decherd, 131 S. W., 1133; J. B. Newton & Sons v. Puente, 131 S. W., 1161; Billingsley v. Land Co., 123 S. W., 194; Mills v. Frost Nat. Bank, 208 S. W., 698; Noel v. Clark, 60 S. W., 356; Benjamin v. Youngblood, 207 S. W., 687; Givens v. Davis, 227 S. W., 367; Taylor v. Hustead, 257 S. W., 232.

The second certified question should be answered in the affirmative as evidence of appellee's ownership of the note is essential to show that appellee has a cause of action performable in Trinity County.

*Hayne Nelms,* for appellee.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified questions from the First Supreme Judicial District. The material facts set out in the certificates are substantially as follows:

On June 27, 1924, the appellant, Mrs. Lula Bradley, executed her promissory note to the First State Bank of Trinity. The note, according to its terms, was payable to said bank in Trinity, Texas. After the note matured the appellee, the Trinity State Bank, brought this suit on the note, against the appellant, in Trinity County. In the suit, the appellant duly filed her plea of privilege to be sued in the county of her residence, to wit: Harris County. The appellee, in due time, filed controverting affidavit alleging the execution of the note by the appellant, and the fact that, according to its terms,

the note was payable in Trinity County. Upon the hearing of the plea of privilege the appellee introduced the note, and also introduced evidence of the fact that Trinity is in Trinity County. It was admitted by the parties that, at the time of such hearing and when the suit was filed, the appellant was a single woman and resided in Harris County. No other evidence was introduced at such hearing. The appellant offered the testimony of herself to show that she was a married woman, living with her husband at Trinity, when the note was executed, which fact was known to the payee at the time; that "there was no consideration to the appellant for the execution of said note, same having been signed by the appellant merely at the request of her husband, and without any benefits of any character to appellant or her separate estate;" that the note "was not signed for necessaries for the appellant or children and not for the benefit of the separate estate of appellant;" that "no money or other thing of value was received by appellant on account of the signing or execution of said note." Upon objection from the appellee, all this testimony offered by the appellant was excluded from evidence. The trial court thereupon overruled the appellant's plea of privilege. From the order overruling such plea the appellant appealed. The Court of Civil Appeals affirmed said order of the trial court, and in doing so held that the trial court did not err in excluding the above testimony of the appellant; and did not err in refusing to sustain her plea of privilege on the ground that there was no evidence of the appellee's ownership of the note. A motion for rehearing being filed by the appellant, the Court of Civil Appeals has certified to the Supreme Court the following questions:

"First. Upon the facts before stated, did the trial court err in refusing to permit appellant to testify as to her coverture at the time the note was executed, and as to the purpose and consideration for which it was executed?

"Second. Did the trial court err in overruling the plea of privilege in the absence of evidence of appellee's ownership of the note?"

The above mentioned holding of the Court of Civil Appeals is correct in both respects. The note was executed by the appellant. Its terms purport a valid obligation, and an undertaking by the appellant to perform that obligation in Trinity, which place is shown to be in Trinity County. By virtue of Section 5 of Article 1995 of the statutes, these facts, of themselves, fix in that county the venue of the action on the note. The ownership of the note, and the validity of the obligation evidenced thereby, are matters

which go only to the merits of the action. An inquiry into those matters has no proper place in determining the question of venue.

We recommend that each of the certified questions be answered "No."

Opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.