**VITOPIL v. GRAY.**

No. 13634.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 3, 1937.

Rehearing Denied Jan. 14, 1938.

Brown & Hamlin, of Dallas, for appellant.

Thornton & Montgomery, of Dallas, for appellee.

SPEER, Justice.

This appeal involves venue raised by a plea of privilege filed by defendant, claiming her right to be sued, if at all, in the county of her residence.

Claude C. Gray, trustee, sued Mrs. Fannie Vitopil in a district court of Dallas county, Tex., alleging that she was a resident of Brazos county, Tex., on certain paving certificates, executed by her to Denison & Stegall and to foreclose a mechanic's lien given by her at the time on certain real estate situated in the city of Bryan in Brazos county, Tex., to secure the payment of the indebtedness.

Plaintiff averred that Denison & Stegall thereafter, for a valuable consideration, sold, transferred, and assigned said paving certificates and the lien securing their payment to North Texas Trust Company; that subsequently Owen M. Murray was appointed receiver of the North Texas Trust Company by a district court of Dallas county; that Mrs. Vitopil made default in payment of a matured installment on one certificate, and under the terms of the instrument conferring that right, Owen M. Murray, receiver, declared the full amount of the certificate due and payable; that thereafter, on September 20, 1933, by an instrument in writing Mrs. Vitopil agreed and promised to pay to Owen M. Murray, receiver, and his assigns, at Dallas, Tex., $357.26, which was the remainder of the indebtedness, in two equal annual installments on September 1, 1934, and 1935, respectively, together with interest at a rate named, and for conditional attorneys' fees.

Further allegations were made of a subsequent assignment by the receiver, under another order of a district court of Dallas county, of the debt and evidences thereof, along with the mechanic's lien contract, to plaintiff, with sufficient allegations of ownership in him; the petition alleged default of payment by Mrs. Vitopil, accelerated maturity of the whole debt according to the terms of the instrument sued on, as well as conditions upon which plaintiff was entitled to recover reasonable attorneys' fees. Prayer was for judgment for the amount of the indebtedness shown to be due and for a foreclosure of the lien on the real estate.

The defendant filed her plea of privilege to be sued in Brazos county, the place of her residence. The plea contains all the requisites necessary under the law. Plaintiff duly filed his controverting answer, in which the provisions of his original petition were substantially followed and made the petition a part of the replication. Plaintiff relied upon the provisions of subdivision 5 of article 1995, Rev.Civ.Statutes, for venue in the cause. With the issues thus made, a hearing was had upon the plea.

The plaintiff moved to strike defendant's plea of privilege because it was not timely filed. This motion was overruled by the court, to which exception was taken by plaintiff.

An answer to plaintiff's controverting affidavit was filed by the defendant in which it was alleged that the paving certificates sued on were payable on their face at Bryan,

Tex., and that the subsequent written instrument on September 20, 1933, held by Owen M. Murray, receiver, was of no force and effect for the reason a district court of Dallas county had previously determined by a judgment duly entered that the said Owen M. Murray, receiver for North Texas Trust Company, had no title to said paving certificates, and further alleged that because the said Murray, receiver, had no title or interest therein, the written extension of maturity date and the promise to pay in Dallas county, Tex., was of no force and effect as against the defendant Mrs. Vitopil. Prayer was for the court to strike from said controverting affidavit the allegation of a promise to pay in Dallas County, Tex. The trial court found against defendant on this plea, and the finding is assigned as error.

The court heard the trial of issues made by the plea of privilege and the controverting affidavit, and, upon the testimony adduced, overruled the plea.

The judgment overruling the plea of privilege was correct, and we shall undertake, in the discussion of assignments presented, to show our reasons for so holding.

By ten assignments of error the appellant complains in one form or another of the action of the trial court in taking into consideration the purported written extension agreement made by her to Murray on September 20, 1933.

The court permitted appellant, over objection of appellee, to introduce in evidence a judgment of the district court of Dallas county, to which Owen M. Murray, receiver, was a party, in which it was held that Murray had no title to the paving certificates sued on, and in which judgment he was ordered to transfer them to another, through whom appellee claims title. This judgment was prior to September 20, 1933, when the extension agreement was made. It is contended by appellant that because Murray, receiver, had no interest in the certificates nor in the indebtedness evidenced thereby, the extension agreement, executed by her to him, was void; that the instrument evidenced the fact that it was procured by fraud and duress; and that appellee could not rely upon it to confer venue against appellant in Dallas county.

■ We think the court properly overruled appellant's motion to strike out the controverting plea based on the allegations relied upon by her; it was error for the

trial court to admit the judgments in evidence on this hearing. It is evident from the judgment rendered that the court disregarded the testimony, and consequently the error in admitting it was harmless. The matters pleaded and so proved by appellant were defensive matters to appellee's cause of action when tried upon its merits, and were not triable upon the issues of venue made by the plea of privilege and controverting answer.

In Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810, 811, a suit was instituted against Mrs. Lula Bradley by the bank on a note executed by her payable in Trinity county. The defendant filed her plea of privilege to be sued in Harris county, the place of her residence. Upon the trial of venue issues, Mrs. Bradley offered to prove that she was a married woman, and that none of the facts existed which would make her liable on the note, and that there was no consideration passing to her at the time of its execution. The trial court sustained an objection to the introduction of the testimony offered, and rendered judgment overruling the plea of privilege. The Court of Appeals certified to the Supreme Court two questions: (1) Did the trial court err in sustaining the objections to the testimony? The Supreme Court answered in the negative. (2) Did the trial court err in sustaining the plea of privilege in the absence of proof by plaintiff that it was the owner of the note? This question was also answered "no." In answering these questions the court said: "The ownership of the note, and the validity of the obligation evidenced thereby, are matters which go only to the merits of the action. An inquiry into those matters has no proper place in determining the question of venue."

■■ Our courts have endeavored from time to time to draw the distinction between "venue facts" and those facts involved when a cause is tried on its merits.

In 43 Tex.Jur. § 109, p. 844, it is said:

"The plea of privilege places in issue only the 'Venue Facts'—that is, the facts alleged to constitute one or more of the exceptions to the general rule of venue. Nothing else is put in issue; all other matters are to be determined under other pleas or upon trial to the merits.

"In general, the plaintiff having brought his action in good faith, is entitled to the venue that accords with the allegations of

his petition, regardless of the possibility that venue may fail with the suit upon his failure to maintain a case on the merits."

In the same volume of that treatise, at page 865, § 122, it is said: "And in a suit on a promissory note, payable in the county, the ownership of the note and the validity of the obligation are matters that go only to the merits of the action."

In Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, it is said: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition."

The validity of the extension agreement relied upon by plaintiff in this case to extend the maturity of the obligations sued on, and to change the place of payment from Bryan to Dallas, Tex., and the ownership of plaintiff of the debt and lien, can only be determined upon a trial of the action on its merits. The plea of the invalidity of that instrument for any cause, or the invalidity of any other part of appellee's alleged cause of action, cannot be determined upon a trial of the venue facts.

The record before us shows appellee proved his venue facts by offering in evidence the paving certificate sued on; the extension agreement pleaded by him and its recordation; and by stipulations between the parties it was shown that the appellant executed each of the instruments sued on, that the extension agreement promised payment in Dallas county, Tex.; and, further, that appellant resided in Brazos county, Tex., and had so resided at all times since, prior to the execution of all the instruments.

The maturity dates in the several instruments show the obligations to be past due. The statement of facts also contains the defensive matters of appellant which we have hereinbefore discussed. The testimony supports the judgment rendered overruling the plea of privilege, and we find no error in the court considering the provisions of the extension agreement, in passing upon the issue of venue raised by the pleadings. Appellant's assignments of error raising the question are all overruled, and the judgment of the trial court is affirmed.