DALLAS JOINT STOCK LAND BANK OF
DALLAS v. HARRISON et al.
No. 13954.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 8, 1939.

Lawther, Cramer, Perry & Johnson, Wm. M. Cramer, Searcy Lee Johnson, and Hugh W. Ferguson Jr., all of Dallas, for appellant.

Stine, Bunting & Stine, of Henrietta, for appellees.

SPEER, Justice.

Venue and the plea of privilege are the questions involved in this appeal.

M. E. Harrison and W. B. Allen, appellees here, sued appellant, The Dallas Joint Stock Land Bank of Dallas, a corporation, in the District Court of Clay County, for damages alleged to have been occasioned by false and fraudulent representations made by the duly qualified and acting agents of appellant, in connection with the sale and conveyance of 440 acres of land in Clay County, Texas, by appellant to appellees.

By the petition it is claimed that appellant's agents and representatives negotiated the sale of the land to appellees, and in doing so stated that only approximately 100 acres of the tract was under oil and gas lease; that such false representations were believed by appellees, and that they relied upon the truthfulness thereof; that they contracted to buy the land, accepted a conveyance and made certain cash payments thereon, and executed their notes for the remainder of the purchase money; that the conveyance contained expressions

of granting, selling and conveying; that by virtue of the instrument, there was an expressed and implied covenant that the seller was the owner of the fee title, except insofar as the oil lease covered 100 acres; that the land was less valuable by reason of the lease on all of the land than it would have been if as represented; that the difference in said values was the amount claimed in the suit; that all of said false representations, the contract of purchase, the conveyance and payment, as well as the breach of said covenant, occurred in Clay County, Texas. From the view we take of this appeal, as applicable alone to the plea of privilege, we think enough has been said of the nature of the suit.

Appellant timely filed its plea of privilege, claiming its right to be sued, if at all, in Dallas County, Texas, the domicile of the corporation.

A sufficient controverting affidavit was duly filed by appellees. A jury was waived and trial was had to the court. The plea of privilege was overruled, from which action this appeal is prosecuted.

Appellant bases its appeal on a series of propositions germane to two assignments of error, which are: (1) The trial court erred in overruling appellant's plea of privilege to be sued in Dallas County, and (2) the court erred in sustaining appellees' contest of appellant's plea of privilege to be sued in Dallas County.

Under these assignments, it is argued that appellees' cause of action in fact is for breach of a warranty and therefore it is properly triable in Dallas County only. That an abstract of title was furnished appellees, which disclosed the oil lease complained of, and that they are chargeable with notice thereof. That appellees failed to make prima facie proof of a cause of action. That those persons claimed by appellees to be the agents of appellant were only commission merchants, and their statements and representations were not binding on it. And that agency of a corporation could not be established by proof alone, that one of its officers assumed to act for the corporation.

In cases like this, where only the question of venue is at issue, the plea of privilege and the controverting affidavit constitute the pleadings upon which must be determined whether or not the plaintiff can maintain his action in the county other than that of defendant's residence. The controverting affidavit, in this case, after giving in detail the nature of appellees' suit and making the original petition a part thereof, specifically claimed venue by virtue of exceptions 7, 23 and 27 to article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 7, 23, 27.

By these pleadings, the court must hold a preliminary hearing to determine whether or not any or all of the exceptions plead, exist. The truth or falsity of plaintiff's main action is not an issue in the hearing of the plea of privilege. It is only the venue issues that are to be determined. Article 2007, R.C.S.; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Jones v. Ford, Tex.Civ. App., 118 S.W.2d 333; Vitopil v. Gray, Tex.Civ.App., 111 S.W.2d 1202; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; 43 Tex.Jur., sect. 109, page 844, and same volume, sect. 122, page 865. Under these authorities we pretermit a consideration of appellant's contention that an abstract of title was furnished the purchasers by which they could have known that the land was under lease, and all other matters of defense urged to appellees' action on its merits. We express no opinion on those matters, because to concede that they were proven, they have no place in the venue issues.

In some of the authorities cited above, the nature and amount of evidence required to support or refute the issue are discussed. It would seem that the exception to the general venue statute, article 1995, relied upon to defeat the plea of privilege, will determine the nature of the proof required. It is definitely settled that the plea of privilege, duly and timely filed, entitles a defendant to a removal of the cause to the place of his residence, unless the plea is controverted, as provided by statute. The general rule is that, to overcome the effect of the plea when filed, a plaintiff must introduce sufficient evidence to make a prima facie case in his favor, and show that one or more of the exceptions to article 1995 exists.

It is plain to us that appellees testified to a sufficient state of facts concerning the alleged false and fraudulent statements to make a prima facie case of liability, under proper conditions. Their testimony on the point is nowhere contradicted, even if that was the test. They said that C. E. Harding, with whom appellant had listed its land for sale, J. A. Mounts and C. W.

Riley, both shown to be agents and representatives of the appellant, stated to appellees that only 100 acres of the land was leased; that each of said parties assumed to represent the appellant in negotiating the deal that was finally consummated; that the deed of conveyance to appellees was delivered in Clay County, and that payments were made there. No effort was made by appellant to disprove that it had listed the land with Harding for sale, nor that Mounts and Riley, shown to be connected with the appellant's home office, were without authority to negotiate and consummate a sale of the land with appellees. The record does disclose that appellant objected to testimony concerning statements made by the two last named parties, but the objections were overruled by the court, and no complaint is before us based on those rulings.

The evidence shows that the alleged false statements were made about a year prior to the time a contract of sale was entered into. The sale contract is in the record, which discloses certain agreements between the parties. The deed of conveyance subsequently made conforms to certain limitations in the contract. These things all lead, inevitably, to the defenses appellant will eventually urge to appellees' action when tried on its merits. A defendant may have a perfect defense to a plaintiff's cause of action, yet evidence thereof would not be admissible upon a hearing of the venue issues. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W. 2d 810, 811. In the last cited case, suit was instituted on a promissory note and defendant interposed her plea of privilege. Upon the hearing of the plea she offered to prove that plaintiff did not own the note and that there was no consideration for the instrument sued on. The Supreme Court held on certified question that the trial court did not err in refusing to admit the evidence, nor in overruling the plea. The court, in discussing the point, used this language: "The ownership of the note, and the validity of the obligation evidenced thereby, are matters which go only to the merits of the action. An inquiry into those matters has no proper place in determining the question of venue." This court cited the Bradley case, supra, and applied the rule there announced in Vitopil v. Gray, Tex.Civ.App., 111 S.W.2d 1202.

Appellees relied, also, upon exceptions 23 and 27 to article 1995, R.C.S. We think the provisions of those exceptions likewise sustain the action of the trial court in overruling the plea of privilege.

Those exceptions, in substance, provide that suits may be brought against corporations in any county in which the cause of action, or a part thereof, arose. In exception 27, relating to foreign corporations, it is provided that they may be sued in any county in which the cause of action, or any part thereof, accrued. By a stipulation found in the statement of facts, it was agreed that appellant was a corporation duly incorporated under the laws of the United States of America. We see no difference in the application of the rule, whether appellant was incorporated under either the State or Federal laws. The stipulation obviated the necessity of proof that appellant was a corporation, and by the evidence, to which we have previously referred, it was shown that much of the negotiations leading up to the deal took place in Clay County; that the conveyance was delivered there and that the breach of the implied warranty occurred in that county. It has been uniformly held by our courts that a part of a cause of action arises in the county where the contract was breached, as well as where it was made. United Appliance Corporation v. Boyd, Tex.Civ.App., 108 S.W.2d 760; Houston & T. C. Ry. Co. v. Hill, 63 Tex. 381, 51 Am.Rep. 642; Southern Cotton Press & Mfg. Co. v. Bradley, 52 Tex. 587; Lakeside Irrigation Co. v. Markham Irrigation Co., 116 Tex. 65, 285 S.W. 593; Avery Co. v. Wakefield, Tex.Civ.App., 225 S.W. 875.

We have carefully studied the propositions and arguments presented by appellant in support of its assignment of error, and have read the authorities cited in its briefs, but believe the record before us supports the court's action in overruling the plea of privilege, for the reasons stated.

In the absence of an error of the trial court requiring a reversal of the cause, it becomes our duty to affirm the judgment entered. This is accordingly done.