**FILM ADVERTISING CORPORATION v. CAMP.**

No. 12843.

Court of Civil Appeals of Texas. Dallas. Feb. 10, 1940.

Rehearing Denied March 2, 1940.

McCombs & Andress, of Dallas, for appellant.

Bowyer, Gray, Thomas & Jaffe, of Dallas, and Joe S. Gambill, of Denton, for appellee.

BOND, Chief Justice.

This is the second appeal on the question of venue, the first having been decided by the Waco Court of Civil Appeals, Camp v. Screen Broadcasts, 118 S.W.2d 398, reversing and remanding the case for another trial, generally. The trial judge considered the opinion binding on the subsequent trial, hence sustained defendant's plea of privilege and transferred the cause to Denton County, Texas. We are not in accord with the holding.

When a cause is reversed and remanded for a new trial, generally, without instructions to render a specific judgment, as in the first appeal of this cause, the effect is to restore the parties litigant to the same situation as that in which they were prior to the appeal; the parties are allowed to proceed in the court below, and have their rights determined in the same manner and to the same extent as if their cause had never been heard or decided by any court, leaving the trial court entirely free to exercise his own judgment upon the evidence reviewable on appeal, as in the first instance. However, it might be said that the decision of the Appellate Court is deemed to have expressed the legal conclusion drawn from the facts; but, no reversible error is presented when the lower court fails to conform to the opinion, and the trial court's action is not open to remedy by mandamus or prohibition. Clem v. Fulghum, Tex.Civ.App., 37 S.W.2d 201.

The mandate in the former appeal of this cause directs a retrial of the cause, which the trial court accorded the parties litigant, and the court's action in sustaining the plea of privilege is here for review. We think the venue of the suit lies in Dallas County, by reason of subdivision 5 of article 1995, R.S. 1925, Vernon's Ann.Civ. St. art. 1995, subd. 5,—a suit upon a contract, in writing, showing on its face liability performable in Dallas County, Texas.

The venue facts available on defendant's plea of privilege are prescribed by statute (article 1995, section 5): (1) An obligation, in writing; (2) the execution of the obligation by defendant, or by his authority; and (3) the obligation performable in the county where the suit is filed. The instrument in suit is in writing, dated April 24, 1934, executed by the defendant, in which he agreed to pay plaintiff "at Dallas, Texas, the sum of $20.00, payable on the first day of each month, in advance", for certain advertising service, through medium of moving pictures displayed on screen in a theatre, in the City of Denton, Texas, extolling defendant's cleaning and dyeing business. The agreement provides that the object of the contract, the advertising film, shall start on or about the 10th day of May, 1934, and that a new film shall be shipped to the theatre, for screening, every 2 weeks, until 52 weeks of actual service have been rendered. Defendant seeks to sustain the plea of privilege on an alleged contemporaneous oral agreement, to the effect that he signed and delivered the contract with an understanding that the agents of plaintiff Company would go to a Mr. Hendrix, at the Oak Cliff Cleaners, Dallas, Texas, and get the "wording for the advertising", on occasions of change in films, and their failure to get Hendrix' approval of the advertising voided the obligation.

It will be observed that the written instrument declared upon imports a valid obligation to perform in Dallas County, Texas. The merits of liability are not necessarily involved on this appeal. The venue of the suit is not conditioned on the performance of the covenants. The obligation contracted to be performed, that is, the payment of money, evidenced by the written instrument, is conditioned that the obligee shall furnish the advertising motion picture service in accordance with the understanding of the parties. To sustain the judgment changing the venue of the suit to Denton County, would be to try the cause on its merits. The validity of the contract, or the breach of its covenants, are defensive matters to be heard and determined by the Court having venue of the suit, not available on a plea of privilege. The merits of the case not being involved, it was not incumbent upon the plaintiff to prove that the covenants in the contract had been performed, or that it did not fail to perform the undertakings agreed upon. The validity of the contract, as well as the breach of any of its covenants, cannot defeat the very purpose of the venue statute, thus compel litigants to try their cases upon the merits at a hearing upon a plea of privilege. It is clear, we think, that the venue of the suit is not conditioned on plaintiff

securing the approval of a third party to the advertisement copy of the film ads. The contract purports payment of an obligation in Dallas County; it was executed and delivered, hence a breach of its terms is of no concern on the venue question. Benavides v. Benavides, Tex.Civ.App., 218 S.W. 566; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Dallas Joint Stock Land Bank v. Harrison, Tex.Civ. App., 131 S.W.2d 742; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W. 2d 675; Forman v. Prince, Tex.Civ.App., 97 S.W.2d 1002; Gonzales v. Adoue, 94 Tex. 120, 58 S.W. 951; Rabb v. Rabb, Tex. Civ.App., 108 S.W.2d 440; Tuttle v. Turner, Wilson & Co., 28 Tex. 759; Vitopil v. Gray, Tex.Civ.App., 111 S.W.2d 1202; Wadsworth v. Vinyard, Tex.Civ.App., 131 S.W. 1171.

The judgment of the court below is reversed and here rendered, overruling defendant's plea of privilege.