## CENTRAL MOTOR CO. v. ROBERSON.

### No. 14044.

Court of Civil Appeals of Texas. Fort Worth.

March 8, 1940.

Rehearing Denied April 26, 1940.

Winthrop Seley and John B. McNamara, both of Waco, for appellant.

H. S. Lattimore, of Fort Worth, for appellee.

SPEER, Justice.

This appeal involves venue, the plea of privilege and controverting affidavit, as controlled by Article 1995, R.C.S., and certain exceptions thereunder.

Plaintiff R. B. Roberson sued defendant Central Motor Company, a corporation, in a district court of Tarrant County, Texas, for false imprisonment and libel and slander. The defendant has its domicile and place of business in McLennan County. Parties will carry the same designation here as in the trial court.

The defendant timely filed its plea of privilege to be sued, if at all, in McLennan County. Plaintiff controverted the plea, in the manner and within the time provided by Article 2007, R.C.S. No attack is made by either party upon the sufficiency of either the plea of privilege or the controverting affidavit.

The controverting plea of plaintiff specifically sets out the facts relied upon to bring venue of the case within Tarrant County, under exceptions 9, 23 and 29 of Article 1995, R.C.S. Exception No. 9 pertains to "Crime or Trespass." It is there provided that a suit based upon a crime, offense or trespass may be brought in the county where such crime, offense or trespass was committed. Exception 23 relates to corporations, and gives venue in any county in which the cause of action or any part thereof arose. Exception 29 has to do with libel and slander conferring jurisdiction in such cases in the county of plaintiff's residence.

The hearing on the plea of privilege was to the court. The plea was overruled and defendant has appealed.

In all cases, plaintiff's petition must state a cause of action against the defendant and venue arises when defendant is sued in some county other than that of his domicile and the privilege is claimed by proper plea. When the plea, in statutory

form, is filed, it is prima facie proof of defendant's right to have the cause transferred to the county of his domicile, unless and until the plaintiff files the controverting affidavit provided for in Article 2007, R.C.S. Upon the filing of the affidavit, a separate and distinct issue is raised from that of plaintiff's right to recover on the merits of his alleged cause of action. The issues raised by such pleadings require a hearing or trial to be had. At that hearing only the venue issue is to be heard or determined. The facts to be established at that hearing are sometimes denominated "venue facts". 43 Tex.Jur., sect. 109, p. 844; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Vitopil v. Gray, Tex.Civ.App., 111 S.W.2d 1202;[1] General Motors Acceptance Corp. v. Lee, Tex. Civ. App., 120 S.W.2d 622; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675. In the last-cited case, the court laid stress upon the distinction to be drawn between the venue facts and those necessary to establish a right of recovery on the merits, using this language (125 Tex. 234, 81 S.W.2d at page 677): "Distinction should be noted at the outset between a trial upon a plea of privilege and a trial upon the merits of a case. The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction."

The quantum and nature of proof necessary for plaintiff to make, in a hearing on the venue issues, depends largely upon the exception to the general venue statute relied upon; but in every case, it is safe to say that, to overcome the plea of defendant, plaintiff must allege and introduce proof showing his right to a trial in a county other than the residence of the defendant. World Co. v. Dow, 116 Tex. 146, 287 S.W. 241.

When the action out of which the venue question arises involves fraud, crime or trespass, the plaintiff must offer evidence upon the venue hearing, sufficient to establish at least a prima facie case in the action upon which he seeks a final recovery, even though it virtually amounts to trying the case twice. Compton v. Elliott, supra.

When more than one exception to the general venue statute (Art. 1995, R.C. S.) is relied upon to confer jurisdiction in the county where the suit is brought, establishment of either ground obviates the necessity of proof that others exist. Lakeside Irrigation Co. v. Markham Irrigation Co., 116 Tex. 65, 285 S.W. 593; De Shong Motor Freight Lines v. North Texas Coach Co., Tex.Civ.App., 108 S.W.2d 766; Eppenauer v. Schrup, Tex.Civ.App., 121 S.W.2d 473.

This brings us to a discussion of the two assignments of error presented by defendant, relied upon for a reversal of this case. They are, substantially: (1) Since the uncontroverted testimony shows that at the time plaintiff was arrested in Tarrant County, he was charged by complaint in a Justice Court in McLennan County, Texas, with the commission of a felony, and a warrant of arrest had been issued and delivered to a peace officer for execution, there was no evidence of false imprisonment offered and the court erred in overruling the plea of privilege; (2) the court erred in overruling the plea of privilege for the reason there was no testimony offered tending to show that M. Burton was acting as agent of defendant, either at the time he caused the complaint to be filed against plaintiff and warrant of arrest issued, or at the time of plaintiff's arrest.

If the foregoing assignments were supported by the record, defendant's contention would be correct; but we find testimony in the record which supports the judgment entered by the trial court. It is true that many of the material parts of the testimony offered by plaintiff were controverted by that offered by defendant. The transcription of the testimony indicates that to say plaintiff's testimony was controverted by defendant is putting it rather mildly, for in some instances there are evidences of much emphasis in the denials made by defendant's witnesses to matters testified to by those of plaintiff. Be that as it may, the trial court sat in lieu of a jury as a trier of the facts, giving such credit to the witnesses and the weight to their testimony as he thought proper. If there was testimony of a substantial nature, having probative force upon which

---

[1] While it has no application to any phase of the instant case, we call attention to the fact that in Vitopil v. Gray, supra, second column, page 1204 of 111 S.W.2d, this writer inadvertently misstated the second question certified. We used the word "sustaining", when it should have been "overruling". The error is apparent by what is said immediately preceding the question.

to base the judgment rendered by the court, it is binding on us. We cannot substitute a different interpretation of the evidence to that given by the trial court. 33 Tex. Jur., sect. 771, p. 1102; Corn v. First Texas Joint Stock Land Bank, Tex.Civ.App., 131 S.W.2d 752, writ refused.

■ One ground of venue in Tarrant County relied upon by plaintiff was exception 23 to Art. 1995, R.C.S., viz., that defendant was a corporation and that his cause of action or at least a part of it arose in Tarrant County. The judgment is silent as to which exception, for venue plead by plaintiff, was sustained by the court; but if either of those plead is established it will be presumed that the court based its judgment on that one and not upon one or more not established, and it becomes unnecessary to prove all. Eppenauer v. Schrup, Tex.Civ.App., 121 S.W.2d 473, 478.

■ The record before us is conclusive that defendant is a corporation, having its principal place of business in McLennan County. It was shown by the testimony without dispute, that on about February 25th, 1939, plaintiff was arrested and placed in the city jail in Fort Worth, Texas, by a Fort Worth officer; that the arrest was made upon the request of M. Burton, known as Red Burton, Chief of Detectives of the City of Waco. A letter dated February 9th, 1939, from Mr. Burton to the Fort Worth officer was the authority upon which the latter acted. The letter stated that plaintiff had obtained a described car "through fraud and a warrant has been issued for his arrest." The letter does not indicate, nor is it anywhere shown, that any warrant of arrest was ever addressed to an officer of Tarrant County. After the arrest and incarceration of plaintiff, Burton went to Fort Worth and took plaintiff back to Waco. The libel phase of the case is based upon the quoted part of the letter shown above, but as we view this appeal, it will be unnecessary for us to comment further on that point. The foregoing statement by us is about as far as the uncontradicted testimony goes.

Other evidence shows that plaintiff's counsel went to Waco, Texas, after the arrest of plaintiff (the date not shown) and talked to Chief Burton, and was told by Burton that Mr. Speer at defendant's place of business had told Burton that plaintiff was in arrears on payments for a car, that they could not locate him and told Burton to "pick him up". Counsel (Judge Lattimore) further testified that he then went to the court house and saw Mr. Casey, the constable, and the Justice of the Peace, they examined the docket and records of that court and found no entry or file of any kind against plaintiff; they did find a docket entry against "R. B. Robinson", filed on a complaint sworn to by Homer Casey (the constable), on February 26th, 1939, in which "Robinson" was charged with embezzlement over $50. This complaint was shown to have been filed on February 27th, 1939. A certified copy of the complaint and the scabbard were introduced in evidence. Judge Lattimore further testified that Constable Casey told him that that was the complaint filed by him upon the request of Chief Burton.

There was a stipulation between the parties that at the time of the trial, the docket of the Justice of the Peace in Waco, Texas, showed that a complaint had been filed by Constable Casey, on February 9th, 1939, against plaintiff, in which it was charged, "That heretofore, to-wit, on or about the 6th day of January, A. D. 1939, and before making and filing this complaint, in the county of McLennan and the State of Texas, R. B. Roberson did then and there unlawfully commit the offense of embezzlement over $50.00", etc.; and that a warrant was issued thereon.

The stipulation mentioned above was limited to an agreement that the docket, at the time of trial, showed those entries and for no other purpose. It was the contention of plaintiff that at the time of the arrest no such case had been filed nor entries made. It will also be observed that the stipulation is silent as to what officer or county the warrant was addressed.

The action as instituted by plaintiff is one to hold defendant corporation liable for the acts of Burton, as its agent. The evidence of agency, relied upon by plaintiff, consisted of statements claimed by his counsel to have been made to him by Chief Burton at the time counsel went to Waco, when he says Burton told him that a representative of defendant told him to "pick up" plaintiff, and Burton's admission that he wrote the letter of February 9th, requesting plaintiff's arrest. Counsel said that in his conversation with Burton, he asked Burton if he could depend upon him

to testify to what he (Burton) had told him and Burton said he could, because it was the truth.

Defendant's second assignment of error is based upon the contention that there was no testimony tending to show that Burton was its agent, either at the time the letter of February 9th was written or when the arrest was made.

■ Agency may be established by circumstances. Daugherty v. Wiles, Tex. Com.App., 207 S.W. 900. This is true because the relationship between principal and agent, as a rule, is best known to the two. It cannot be established by the declarations of the agent, nor can it be defeated solely by his denial. There are no windows through which a third party may look into the secret intentions of the alleged principal and agent and thereby discover the authority of the latter to act for the former. Their oral declarations cannot be heard above the noise made by their conduct. "Actions speak louder than words."

■ Mr. Mitchell, president of defendant corporation, testified that Mr. Speer was an employee, and in the absence of witness and his son, Mr. Speer would be in charge of the business of defendant. Chief Burton testified that at the time he was called to defendant's place of business, Mr. Speer told him of plaintiff's delinquency; that witness was asked to assist in locating him. Burton denied, however, that Speer had told him to pick up or arrest plaintiff; that he (Burton) acted as a peace officer and not as the agent of defendant, when he wrote the letter to Fort Worth officers to arrest plaintiff. Mr. Speer did not testify at the trial. Slight proof made by plaintiff is sufficient to raise the presumption of agency, where full knowledge of the facts is possessed by defendant and is difficult of ascertainment by plaintiff. 3 C.J.S., Agency, § 315, p. 253. When the principal (Speer in this instance, acting for defendant) remains silent and does not testify, his silence when the issue of agency is involved, strengthens the probative force of the affirmative truth, and of itself is clothed with certain probative force. Farmers' Guaranty State Bank v. Burrus Mill & Elevator Co., Tex.Civ.App., 207 S.W. 400; Pullman Palace Car Co. v. Nelson, 22 Tex.Civ.App. 223, 54 S.W. 624; Bailey v. Hicks, 16 Tex. 222.

As applicable to defendant's first assignment, wherein it is contended that in view of the fact that a warrant had issued from the Justice Court at Waco for plaintiff's arrest and that he was detained by virtue of that process, no evidence of false imprisonment was offered, we find evidence in the record which, if believed, would show that there was no warrant issued prior to plaintiff's arrest. Chief Burton testified that on February 9th, 1939, the day on which he wrote to the Fort Worth officers to arrest plaintiff, he had telephoned Casey, the constable at Waco, to file a complaint against plaintiff and procure a warrant for his arrest; that later during the day, Casey had told him that his request had been complied with and that he (Casey) had the warrant. But the testimony of Judge Lattimore is to the effect that when he went to Waco after the arrest to investigate the facts, he and Casey, the constable, went to the office of the Justice of the Peace and investigated the records and found no case filed against plaintiff, either on February 9th, or upon any previous date; that there was a case filed against "Robinson" on February 27th, and that Casey said that was the case that he had filed in response to the request Burton had given him (on February 9th). Further testimony shows that without dispute, R. B. Robinson, the defendant in the case filed February 27th, is not the plaintiff in this case, but involves a separate and independent transaction with another party. Mr. Casey, the constable at Waco, who caused the case against Robinson to be filed on February 27th, and whom Chief Burton instructed to file a complaint against plaintiff, on February 9th, did not testify upon the trial of the instant case.

■ The effect of the judgment entered overruling the plea of privilege was to find, (a) that defendant is a corporation, (b) that Burton was the agent of defendant, and instructed the Fort Worth officers to arrest and imprison plaintiff, and (c) that at the time of the arrest and imprisonment no warrant had been issued commanding a Tarrant County officer to make the arrest. There is evidence in the record to support such findings. It was within the province of the court to give credence to the testimony offered by plaintiff and to disbelieve and discredit that to the contrary, offered by defendant. Whether or not, as a trier of facts, this court would

have reached the same conclusion thereon as did the trial court, becomes of no consequence. Fidelity Casualty Co. v. McLaughlin, Tex.Sup., 135 S.W.2d 955, 957.

Under the decisions above cited and evidence related, the judgment must be upheld. Both assignments of error are overruled and the judgment affirmed.