## AMERICAN SEED CO v. WILSON.
### No. 14063.

Court of Civil Appeals of Texas.
Fort Worth.

March 29, 1940.

Rehearing Denied May 10, 1940.

Cantey, Hanger, McMahon, McKnight & Johnson and Carlisle Cravens, all of Fort Worth, for appellant.

Donald & Donald, of Bowie, for appellee.

SPEER, Justice.

This appeal involves venue, the plea of privilege and controverting affidavit, controlled by Articles 1995 and 2007, R.C.S., Vernon's Ann.Civ.St. arts. 1995, 2007.

Plaintiff O. S. Wilson sued defendants American Seed Company, a corporation,

and W. M. Branson in Montague County, for damages resulting from the breach of an alleged contract. American Seed Company, to which we shall refer as the Seed Co., was domiciled in Tarrant County, Branson resided in Montague County.

The Seed Co. timely filed its plea of privilege to be sued in Tarrant County. The plea was controverted in statutory form. By appropriate language the petition was made a part of the controverting affidavit. Other allegations were contained in the affidavit, setting out the facts relied upon by plaintiff to bring the action under exceptions 5, 23 and 29a of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 5, 23, 29a.

Under article 2007, R.C.S., the party seeking to maintain venue in a county other than the residence of defendant, when his privilege is claimed, must file the controverting plea within the time prescribed "setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

Exception 4 is to the effect that venue may be maintained of all defendants where either may be properly sued. No. 5 provides for venue in any county where a party has promised in writing to pay an obligation or to perform a contract. No. 23 relates to corporations domiciled in a county other than where the suit is instituted and gives jurisdiction over them to courts in counties where they maintain an agent, or "in which the cause of action, or a part thereof, arose * * *." No. 29a (Vernon's Tex.Civ.St.) provides that whenever there are two or more defendants, suit may be maintained in any county against all necessary parties to the action in any county where either resides.

By different allegations plaintiff sought to plead a cause of action against both defendants seeking a recovery jointly and severally against them, (a) because Branson was the agent of the Seed Co., (b) because the cause of action or a part thereof arose in Montague County, and (c) because it was an action for damages for breach of a contract between plaintiff, on the one side, and defendants, on the other, and that the Seed Co. was a necessary party.

We find it unnecessary to pass upon each and all of the exceptions relied upon by plaintiff to maintain venue where the suit was filed and express no opinion upon the effect of the evidence relating to exceptions 5 and 23. We believe the nature of plaintiff's action and the evidence offered were sufficient under exceptions 4 and 29a to sustain the judgment entered by the court overruling the plea of privilege.

■ It seems to be now well settled that where more than one exception to the venue statute is relied upon and either is sustained by the pleadings and evidence, it is unnecessary to prove all. Lakeside Irrigation Co. v. Markham Irrigation Co., 116 Tex. 65, 285 S.W. 593; De Shong Motor Freight Lines v. North Texas Coach Co., Tex.Civ.App., 108 S.W.2d 766; Eppenauer v. Schrup, Tex.Civ.App., 121 S.W. 2d 473; Central Motor Co. v. Roberson, Tex.Civ.App., 139 S.W.2d 287.

As reflected by his petition, plaintiff's cause of action was one to recover damages against Branson, a resident of Montague County, and the Seed Co., a corporation of Tarrant County, for a breach of a contract to furnish plaintiff with five pounds of watermelon seed of a certain variety for an agreed price paid by plaintiff to Branson. The seed were received and paid for by plaintiff in response to his alleged contract of purchase, and they were planted in due season. When time came for maturity of the melons it was discovered that the seed furnished by defendants were not Black Diamond watermelon seed at all, such as contracted for by plaintiff, but were piemelon or some such variety, the fruits of which had no value whatever. The foregoing is a brief summary of the nature of plaintiff's cause of action, relating to the joint and several cause of action alleged as against both defendants.

■ The allegations of the petition and controverting affidavit in cases where the plea of privilege is filed may not be considered as evidence of the facts relied upon to sustain venue; but both the trial and appellate courts will look to plaintiff's petition to determine the nature of his cause of action, solely as a question of law. 43 Tex.Jur., sect. 110, page 846, and sect. 111, page 849.

■ In such actions as this, where it is made to appear that all parties defendant are jointly and severally liable, they are necessary parties and jurisdiction of the non-resident defendant is maintainable where another defendant resides. Art. 1995, R.C.S., sect. 29a; Cornell v. Alderdice, Tex.Civ.App., 97 S.W.2d 387.

■ The record before us contains evidence that plaintiff purchased the seed

through defendant Branson; that he ordered Black Diamond watermelon seed; he paid the contract price for the quality of seed promised; he received and planted them and the crop produced was pie-melons, which had no value. ("Do men gather grapes of thorns, or figs of thistles?") He alleged that defendant Seed Co. was a party to the contract of sale, setting out what purported to be the facts in connection therewith. In such circumstances, the Seed Co. was a necessary party defendant to the suit, and exception 29a is applicable.

Upon the trial, the Seed Co. introduced evidence tending to show that it was not liable to plaintiff; that it shipped the seed to Branson by Parcel Post C. O. D.; but these matters were not triable upon the venue issues; they go to the merits of plaintiff's suit when those issues are involved; that evidence was not admissible upon the venue hearing and carried no probative force upon the issues before the court. The only question determinable by the trial court was one of venue; this issue was raised by the pleadings. A subsequent trial of the merits is a separate and distinct matter in this kind of a case, from that of venue. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, approved by Supreme Court. In cases based upon fraud, crime or trespass, false imprisonment and other exceptions to Art. 1995, R.C.S., a greater amount of evidence is required to show venue than in other exceptions, such as the one under consideration here. When such exceptions as those mentioned are relied upon, they become a part of the venue facts to be proved. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. In Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W. 2d 533, it was held (page 538) in cases of this character, that on the venue hearing neither issue going to the merits, nor misjoinder nor the sufficiency of plaintiff's petition aside from that involving venue, can be considered, but only those things which involve venue shall be determined. To the same effect are Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Vitopil v. Gray, Tex.Civ. App., 111 S.W.2d 1202; and Farrell v. Lawrence, Tex.Civ.App., 97 S.W.2d 391.

Plaintiff did not specifically state in his controverting affidavit that he relied upon exception 4 to Article 1995, R.C.S., nor does the statute (Article 2007) require that he plead the law, but only the facts relied upon to bring his action within one of the exceptions. There is no inhibition against a pleading which states the exception relied upon, and we think it well for a plaintiff to state the one or more upon which he relies. It was held in Highway Motor Freight Lines v. Slaughter, supra, that a plaintiff having pleaded facts relied upon, even though classified by him as coming under the wrong exception, would entitle him to have the issue determined upon the one so pleaded and not confined to the numbered exception named by him.

The parties, in their briefs before us, have treated the case as if exception No. 4 was involved in the case, although that exception was not named in plaintiff's controverting affidavit. We think that since the Seed Co. was shown by the pleadings to be a necessary party, exception No. 4 is essentially important on the question of the sufficiency of the testimony offered.

Where the petition, as in this case, shows that a joint and several judgment is sought against a resident and a non-resident defendant in a single action, or against the resident defendant so intimately connected with the cause of action alleged against the non-resident that the two may be joined under the rule intended to avoid multiplicity of suits, and the non-resident claims his privilege, proof of plaintiff's case against the resident defendant will support a judgment overruling the plea of privilege without proof of plaintiff's right of recovery against the non-resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

A large part of the briefs of both parties have been devoted to a discussion of a construction of exception 23 to Article 1995, which pertains to venue as against corporations, involving agency and the place where the cause of action or a part thereof arose. We have purposely avoided discussing this point, since the conclusions reached are founded upon exceptions 4 and 29a. The plaintiff's ultimate right of recovery as against the Seed Co. will depend largely, we anticipate, upon the issues involved in the point pretermitted by us and they would be best left open for a determination upon their merits.

As indicated above, we hold that under the pleadings of plaintiff and the evidence adduced, the plea of privilege was properly overruled. The judgment of the trial court is therefore affirmed.

## On Motion for Rehearing.

American Seed Company has filed three motions in this case. They are, (1) for rehearing, (2) additional findings and a privilege to present oral argument on the motions, and (3) in the alternative to certify this cause to the Supreme Court.

In its motion for rehearing it is contended that we have held in the original opinion that it was unnecessary for plaintiff to offer evidence of a bona fide cause of action against Branson, the resident defendant, and in so holding we are in conflict with many cited cases holding to the contrary. It is further contended that our opinion discloses that we have held the petition and controverting affidavit which contain allegations of a cause of action based on fraud and implied warranty against the defendant Branson were sufficient without proof of such allegations.

We regret that we did not express ourselves in the original opinion in terms more understandable to the named defendant. However, we do not think the opinion susceptible to the construction given in the motion. We are familiar with the rule that evidence must be introduced by the party seeking to maintain venue, sufficient to overcome the prima facie right of a defendant to have the cause transferred under his plea of privilege. Furthermore, we stated in the opinion that the pleadings in such cases do not constitute evidence.

It will be observed that we held plaintiff's petition was one seeking to recover damages against the named defendants for a breach of a contract to furnish a quantity of watermelon seed of a stipulated variety. We did not attempt in our opinion to quote the testimony offered in support of the allegations but sought to shorten the discussion by giving some of the matters proved.

The statement of facts from which we made the deductions discloses that plaintiff, who lives near Saint Jo, in Montague County, went to Branson's place of business at Bowie, in the same county, and asked for the seed; he at the same time advised Branson that he expected to plant the seed and raise melons for the market. Branson did not have the seed in stock but said he would get them and send them to plaintiff. Branson looked through the Seed Company's catalog and price · list, gave plaintiff the price to be paid and plaintiff paid for the seed at the time. Branson testified that he received the seed from the Seed Company C. O. D. Parcel Post, and without opening the package remailed it to plaintiff's address at Saint Jo.

The evidence further shows that plaintiff planted the seed and cultivated the land with a view to raising Black Diamond melons for the market; that several prospective purchasers visited his place with a view to buying his melons when ready for market; that the anticipated crop of melons never came but that a worthless fruit was produced instead. We construed this evidence to be sufficient to establish plaintiff's prima facie case of liability against Branson for breach of his contract to furnish seed of a certain variety, and that by his pleadings, plaintiff alleged a cause of action against the Seed Company.

We declined to express an opinion on any point that would come before the court upon a trial on the merits. The authorities cited in the original opinion, we think, support the conclusions reached. See also First Nat'l. Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756, and Fenner & Beane v. Lincoln, Tex.Civ.App., 101 S.W.2d 305.

The motions before us go to great length in a discussion of liability of the Seed Company, based largely upon the theory that because the evidence revealed that the seed went to plaintiff in the sealed or closed package in which Branson had received them, there was no express or implied warranty of what they purported to be. What we have already said about the nature of the cause of action makes it unnecessary for us to pass upon what, if any, liability there is upon the part of either defendant, when the case is tried upon its merits.

We do not believe that we are in conflict with any decision cited by movant, nor do we believe that any good could be accomplished by an oral argument of the motion for rehearing. As we view the record, our former opinion properly disposes of the hearing that was had, and all motions are overruled.