## MORGAN v. MORGAN.

### No. 15003.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 14, 1949.

Rehearing Denied Feb. 18, 1949.

Lattimore, Couch & Lattimore and Hal M. Lattimore, all of Fort Worth, for appellant.

Simon, Wynn, Sanders & Jones and Bob D. Maddox, all of Fort Worth, for appellee.

SPEER, Justice.

Appellant, Frances Morgan, instituted this suit against appellee, Roscoe Morgan, in the district court of Tarrant County.

Appellant alleged all necessary qualifications entitling her to maintain a suit for divorce in said county. She alleged two statutory grounds, either of which, if established when that issue comes to trial on its merits, would support a decree in her favor for a divorce. The grounds alleged are cruel treatment and abandonment found in sections (1) and (3) respectively of Article 4629, Vern.Ann.Civ.St. She alleged that there were two children born to the parties, now six and thirteen years of age. She prayed for the children's support pending suit and finally for divorce, child custody and support, attorney's fees and general relief. Following these allegations there is a second count in the petition wherein it is alleged that, "In the event it would appear that the court in Mississippi did have jurisdiction to render a divorce to defendant against plaintiff" and continuing in substance that any such decree was procured by the fraud of defendant (appel-

lee here) when he had no grounds therefor and by perjured testimony and any such judgment or decree is not entitled to any faith or credit by the courts of this state; her allegations set out at length purported facts elaborating upon these allegations.

The appellee timely filed his plea of privilege and appellant controverted it, claiming venue in Tarrant County under exception 16 to Article 1995, R.C.S. Neither the plea of privilege nor the controverting affidavit is challenged for lack of form. The venue issues were set for hearing and tried to the court. The plea of privilege was sustained and the case ordered transferred to a district court of El Paso County, Texas, where appellee lived.

From this interlocutory order appellant prosecutes this appeal, relying upon six points of error. Each of the points asserts separate reasons why it was error for the court to sustain the plea of privilege and transfer the case. We find it unnecessary to discuss these points separately in the disposition we have concluded that should be made of this appeal.

There was no request for findings of fact and conclusions of law and none were filed other than those recited in the judgment. After formal recitations of appearances, hearing evidence and argument, the judgment in part recites:

"And it appearing to the court, and the court so finds, that the plaintiff and defendant were duly and legally divorced by a final decree entered and rendered in the Chancery Court of the First Judicial District of Hinds County, Mississippi, on May 28, 1945, in Cause No. 32454, wherein R. C. Morgan was plaintiff, and Frances M. Morgan was defendant, and that by reason of such decree the plaintiff in this case, Frances Morgan, has no cause of action for divorce; and it further appearing to the court that the defendant, Roscoe Morgan, is a resident of El Paso County, Texas, and that venue of this suit for child custody and maintenance lies in El Paso County, Texas, the court is of the opinion that the plea of privilege should be sustained, and that plaintiff herein is now and has been continuously an actual bona fide inhabitant and resident of Tarrant County, Texas, for a period of more than one year preceding the filing of this suit, and has never been a resident or inhabitant of the State of Mississippi, and that this is a suit by plaintiff for divorce and custody of minor children and for child support for such children.

"It is accordingly ordered, adjudged and decreed that such plea of privilege be and it is hereby sustained, that such cause be transferred to the District Court of El Paso County, Texas, which is the proper court; that the clerk of this court make up a transcript of all of the orders made in said cause, certifying thereto under the seal of this court, and transmit the same with the original papers in such cause to the clerk of the said District Court of El Paso County, Texas."

From the wording of the court's decree it is difficult for us to discern its full effect. Among other things he finds that appellant's suit is one for divorce but that she has no such cause of action because she and appellee were legally divorced by decree of the Mississippi court. In two different places it is recited that appellee's plea of privilege should be sustained without further limitations or explanations of whether it was sustained in whole or in part. It is only by inference that we may assume that the plea was sustained as to only a part of appellant's cause of action; the decree orders the case transferred to El Paso County and directs the clerk to make up a transcript of all orders made "and to transmit the same with the original papers in such cause to the clerk of said district court of El Paso County." From the last quoted portion of the order it would appear that under Rule 89, Texas Rules of Civil Procedure, the plea of privilege in its entirety was sustained, thus transferring the whole case to El Paso County.

■ If the clerk of the trial court complies with the order of the court certainly there will be nothing left for trial in the Tarrant County District Court on its merits. Upon the other hand, if the order be construed to mean that the trial court determined that appellant had no cause of action for divorce and that by his order he only transferred to El Paso County the issue

of child custody and support, we find ourselves confronted with the fact that the trial court tried and determined appellant's right to prosecute the suit for divorce on its merits at a venue hearing. In other words, as we view the judgment in this case, the trial court attempted to do one or more of three things, they are: (1) Transfer appellant's whole case for divorce, child custody and support to El Paso County; (2) sever her suit for divorce from her prayer for child custody and support, retain for hearing on its merits her action for divorce and transfer the remaining issues to the El Paso court; or (3) to adjudicate and deny her a divorce at the venue hearing and transfer the issues of child custody and support to El Paso County.

As we view this record, the petition is one for divorce, child custody and support. Undoubtedly all these issues may be tried in the same suit. This being true the trial court could not properly do either of the things we have said he apparently attempted to do.

The trial court could and no doubt did look to the petition in determining the nature of appellant's suit; he declared it to be one for divorce. It being a suit for divorce it comes clearly within exception 16 to Article 1995 and when other requisites, such as residential qualifications and a legal marriage appear, appellant has shown herself entitled to maintain venue in Tarrant County. Hill v. Hill, Tex.Civ.App., 205 S.W.2d 82. There are some exceptions to Article 1995 which in their nature require a greater quantum of proof to establish venue than others, 43 T.J. 849, sec. 111, but it is the general rule applicable to the instant case that the court at the venue hearing will not consider nor will he hear evidence tending to support or defeat the action on its merits. Such evidence has no place in a venue hearing of this character and being incompetent evidence it will not support a judgment sustaining the plea of privilege. 43 T.J. 844, sec. 109; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Vitopil v. Gray, 111 S.W.2d 1202;

Continental Fire & Casualty Ins. Corporation v. American Mfg. Co., 206 S.W.2d 669, 672; American Publishing Co. v. Holland, 89 S.W.2d 286; last three cited cases by Texas Courts of Civil Appeals.

Under the above authorities the trial court had no concern with the final outcome of the case when it should be tried on its merits. That is, whether or not appellant "had a cause of action for divorce." For purposes of venue it was only necessary for her to present a petition seeking a divorce and to prove her qualifications to successfully prosecute it in Tarrant County.

It is perfectly obvious from the record that appellant could not show qualification as to resident requirements in El Paso County, if indeed the court has attempted to transfer the whole case to that county. It is quite apparent that the trial court in this case has determined in the venue hearing that she has no cause of action for divorce.

There is no contention made by appellee that appellant had filed this suit in the manner she did to fraudulently confer venue with the Tarrant County Court, as pointed out in 43 T.J. 801, sec. 77 and as discussed by this court in Foster v. Aircraft Investment Co., Tex.Civ.App., 215 S.W.2d 249.

If we properly understand appellee's contention in support of the judgment, it is that because of the second count in appellant's petition, referred to by us above, concerning a case in Mississippi, it renders appellant's asserted cause of action something other than a "simple" suit for divorce. Counsel argues substantially that under the petition appellant would have the burden of having the Mississippi divorce decree set aside before she could rightfully claim that she has sued in this case for divorce and that under the circumstances it was proper for the trial court to pass upon the validity of the Mississippi judgment in order to determine if appellant had a cause of action for divorce.

In the early part of this opinion we quoted the introductory part of the second count in appellant's petition and we do not construe the language used as an

affirmative allegation that such a judgment had been entered in the Mississippi court nor that appellant's petition in this case was dependent upon a judicial declaration that the Mississippi judgment, if it existed, was void. When, as in this case, a plaintiff has plead her venue facts, she need not anticipate defenses that may be presented by answers which go to the merits of her case. 43 T.J. 813, sec. 84. In this case appellant did plead and establish by uncontradicted testimony all necessary venue facts and it was unnecessary for her to plead a denial of a defense which she anticipated would be urged upon the merits of her divorce suit. In view of the manner in which it was pleaded, we think it was mere surplusage as far as venue in this case is concerned.

We express no opinion on whether or not appellant should prevail at a trial on the merits of this case. We only hold that the trial court erred in sustaining the plea of privilege and transferring this case to the district court of El Paso County.

We therefore reverse the judgment of the trial court sustaining the plea of privilege of appellee, Roscoe Morgan, and render the judgment the trial court should have entered, overruling said plea of privilege. Reversed and rendered.