## WRIGHT et al. v. WIGHT & WIGHT.
### (No. 1193.)

(Court of Civil Appeals of Texas, El Paso.
March 10, 1921. Rehearing
Denied April 14, 1921.)

1. **Contracts ⬥138(3)—Agents and insured party in pari delicto as to rebate will be left where found as to right to recover rebates paid.**

Where insurance agents suing for premiums due on fire policies were guilty of unjust discrimination under Acts 33d Leg. (1913) c. 106, § 22 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4896), by agreeing to contribute their premiums to the cost of erection of the hotel insured, the party insured violated section 23 (article 4897) by accepting such rebate, all of the parties were in pari delicto, and the courts will leave them where found, and will extend no aid to the insurance agents to recover back the money paid under such an illegal contract.

2. **Contracts ⬥138(1)—Relief granted as between parties in pari delicto if public policy demands.**

As between parties in pari delicto with respect to an illegal contract, relief will be granted to one of them if public policy demands it.

Appeal from Nolan County Court; A. S. Mauzey, Judge.

Suit by Wight & Wight against Rufus Wright and another. From judgment for plaintiffs, defendants appeal. Judgment reversed, and rendered for defendants.

Harry R. Bondies, of Sweetwater, for appellants.

James Spiller, of Sweetwater, for appellees.

HIGGINS, J. Wight & Wight, insurance agents, brought this suit against Rufus Wright and Wright Hotel Company upon open account to recover $239.15, with interest, for premiums due upon certain fire insurance policies alleged to have been "sold and delivered" by plaintiffs to the defendants between June 1 and December 1, 1917, which premiums, it was alleged, the defendants promised to pay plaintiffs.

In bar of the action the defendants in substance set up that in the early part of 1917 Rufus Wright owned a tract of land in Sweetwater, Tex., upon which he contemplated building a hotel the erection of which would enhance the value of property in its vicinity; that plaintiffs owned nearby property and promised Rufus Wright to pay him $250 cash if he would erect such hotel; that Rufus Wright erected same; that in consideration of the promise to pay said sum the plaintiffs exacted of Rufus Wright an agreement to carry with them all insurance on the building; that the parties thereupon agreed that instead of paying said sum of $250 in cash the plaintiffs were to retain the same and apply it to the payment of the insurance premium without rebate of any kind; that "the inducement and consideration for such promise of the said firm of Wight & Wight was the anticipated added value of the nearby property of Wm. Wight and Leland Wight, and the promise of the defendant Rufus Wright to carry all fire insurance on said hotel with said Wight & Wight"; that defendants had carried all fire insurance on the hotel property with plaintiffs, and—

"In accordance with their promise and obligation so to do, the said plaintiffs have heretofore paid off to the insurance companies carrying such insurance the premiums charged thereon up to the amount in premiums sued upon herein. And they say that the alleged debt sued upon herein comprises and includes premiums which have been so paid for by the plaintiffs, in accordance with their promise and agreement as aforesaid. And these defendants say that in the sum of the premiums sued upon herein, the aforesaid agreement and contract between plaintiffs and defendants has been consummated, executed and complied with by both parties thereto."

Plaintiffs excepted to the answer and denied the contract pleaded and further set up that it was illegal and in violation of law.

Upon special issues the jury found that Wight & Wight agreed to contribute $250 to the building of the hotel and to apply the same on insurance premiums as they became due.

The court held that the contract set up by the defendants was illegal and void and rendered judgment in favor of plaintiffs for the amount sued for.

It was found by the court and agreed by the parties that the premiums sued for have been paid by Wight & Wight to the respective insurance companies carrying the insurance, without rebate or discount, and all of the essential facts set up by the defendants and not submitted to the jury were proven by defendants, and that judgment should have been rendered for defendants if the answer set up a good and legal defense, and if such a defense was not set up then the judgment for the plaintiffs was correct.

In support of the judgment it is insisted by appellees that the agreement pleaded by appellants is in violation of section 23 of chapter 106, Acts of 33d Leg. Reg. Sess. (Vernon's Sayles' Ann. Civ. St. 1914, art. 4897), which provides that—

"No person shall knowingly receive or accept from any insurance company or from any of its agents * * * any rebate of premium payable on the policy, * * * or any valuable consideration, position or inducement not specified in the policy of insurance"—and prescribing punishment for its violation.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] If it be conceded that the transaction in question violated the law mentioned (although we regard it as debatable), yet the appellees were parties thereto and transgressors of section 22 of the same act (article 4896), which made it unlawful for any agent "to grant or contract for * * * any position or any valuable consideration or any inducement not specified in the policy contract of insurance." Under section 22, any one so offending is declared guilty of unjust discrimination. So all of the parties are in pari delicto in an unlawful agreement which the pleading and agreed facts discloses has been fully executed. This being true, the courts will leave the parties where it finds them. They will extend no aid to recover back money paid under such an illegal and forbidden contract. Seeligson v. Lewis, 65 Tex. 217, 57 Am. Rep. 593; Robertson v. Marsh, 42 Tex. 151; Glenn v. Mathews, 44 Tex. 405.

Directly in point is Equitable Assurance Soc. v. Wetherill, 127 Fed. 947, 62 C. C. A. 579. In that case the suit was by the receiver of the firm of Reilly & Sherman, general agents of the Equitable Assurance Society; the action being in the name of the company for the use of the receiver. The suit was to recover the first premium on two policies of life insurance issued to the defendant. As an inducement to the defendant to take the insurance and assume reponsibility for subsequent premiums, the agents agreed to pay and did pay to the company the first premium in violation of a statute similar to our own. The court said:

"It is claimed by the plaintiff in error, that the contract testified to by Wetherill was in violation of this enactment, and therefore illegal and void. It is sufficient answer to this point to say that the law does not help those, who have made an illegal contract, to recover back the money paid in pursuance thereof, but leaves them where it finds them. The contract was executed. Wetherill was induced to take out the policy and assume responsibility for subsequent premiums, by the undertaking of Reilly & Sherman to pay the first year's premium, which was payable in advance, as a condition precedent to the issuance of the policy. It appears by the testimony adduced by the use plaintiff, that this advance premium was paid by Reilly & Sherman to the Equitable Society, and that its policy was thereupon issued and delivered, through Reilly & Sherman, to Wetherill. The contract, therefore, was entirely executed. The company had received the premium due to it, and had, as was testified to by plaintiff's own witnesses, no claim against Wetherill. 'Where money has been paid upon an illegal contract, it is a general rule that if the contract be executed, and both parties are in pari delicto, neither of them can recover from the other the money so paid.' Spring Co. v. Knowlton, 103 U. S. 49, 58, 26 L. Ed. 347; Pollock on Contracts, star p. 332; Leake on Contracts, 774."

[2] Appellees say, however, they should be allowed to recover because the public interest will be better promoted by granting than by denying them relief. It is true that as between parties in pari delicto relief will be granted if public policy demands it. In such cases the guilt of the respective parties is not considered by the court, which looks only to the higher right of the public; the guilty party to whom relief is granted being only the instrument by which the public is served. The relief is granted to discourage such transactions by others.

But, we think, the public interest will be just as well served by denying a recovery to the appellees as it would be by granting such recovery and imposing the loss upon the appellants. Insurance agents will be discouraged from making and carrying out discriminatory agreements when they know that the courts will not allow them to recover back money which they have expended in pursuance of such forbidden contracts.

Upon the views expressed it follows that the judgment should be reversed and here rendered for appellants.

It is so ordered.