## SHEEK v. TEXAS CO.   (No. 1718.)

(Court of Civil Appeals of Texas. El Paso. May 20, 1926. Rehearing Denied June 10, 1926.)

**1. Master and servant ⬤⟶383—Schedule of statements in insuring agreement between employer and insurer held not to affect employees' rights to compensation under Workmen's Compensation Act (Acts 33d Leg. [1913] c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]).**

Schedule of statements as to location of risk, etc., in insuring agreement between employer and insurer, are in nature of contractual warranties on part of subscriber in favor of insurer, affecting only rights of subscriber and insurer between themselves and not rights of employees to compensation under Workmen's Compensation Act (Acts 33d Leg. [1913] c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]).

**2. Master and servant ⬤⟶351—Injured employee held not entitled to recover damages from employer at common law after having received compensation from insurer under Workmen's Compensation Act (Acts 33d Leg. [1913] c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]).**

Injured employee *held* not entitled to recover damages from employer at common law, where he received compensation from employer's insurer under Workmen's Compensation Act (Acts 33d Leg. [1913] c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]) under insuring agreement covering "Any employee or employees of subscriber," notwithstanding that schedule of statements therein failed to specify place employee worked or kind of work he did.

**3. Master and servant ⬤⟶383.**

Employers' Insurance Association is "insurer" under Workmen's Compensation Act (Acts 33d Leg. [1913] c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]), and not agent of employers.

[Ed. Note.—For other definitions, see Words and Phrases, Insurer.]

**4. Judgment ⬤⟶199(1).**

Disregard of findings on immaterial issues is not violation of rule prohibiting rendition of judgment non obstante veredicto.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Appeal and error ⟜1047(1).**

Rulings on evidence which cannot affect controlling facts on which decision is based, if error, *held* harmless.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by C. O. Sheek against the Texas Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Houtchens & Clark, of Fort Worth, and T. Edgar Johnson and Chas. H. Clark, both of Breckenridge, for appellant.

Lawther, Pope, Leachman & Lawther, of Dallas, H. S. Garrett, of Fort Worth, and G. O. Bateman, of Breckenridge, for appellee.

HIGGINS, J. This suit was brought by Sheek against the Texas Company to recover damages, actual and exemplary, alleged to have been caused by personal injuries sustained by the plaintiff in the course of his employment by defendant, through the gross negligence of the latter. The plaintiff was an employee of defendant at what was known as its Lauderdale camp near Parks, in Stephens county. The plaintiff was working in the construction of an electric line. While so engaged he was badly injured by an explosion of dynamite which was being used in excavating an anchor hole.

The case was submitted upon numerous *special issues not necessary to detail.* It is sufficient to say that the findings upon the issue of actual damages establish the plaintiff's right, at common law, to recovery in the sum of $10,000. Upon the issue of exemplary damages the findings are conflicting. Upon other findings and undisputed facts the court rendered judgment for the defendant.

The defendant was a subscriber under the Workmen's Compensation Act (Acts 33d Leg. [1913] c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]), carrying a policy of insurance issued by the Texas Employers' Insurance Association. The undisputed evidence shows, and in response to the first issue submitted, the jury found, that defendant served plaintiff with written notice at the time he was employed, that it carried compensation insurance with said association.

It is not claimed that Sheek reserved his right of action at common law as permitted by the act. In bar of the action the defendant pleaded and proved *its subscription under* the Compensation Act; also pleaded and proved without contradiction that the association acknowledged its liability to Sheek; that such association had paid his medical, hospital, and other incidental expenses, amounting in the aggregate to a large sum, also weekly compensation; that the plaintiff's claim under the act was presented to the accident board; that he in person appeared before the board in support of his claim; that the board entered its order finding him to be totally and permanently incapacitated and allowed compensation at the rate of $15 per week for 400 weeks; allowed a lump sum settlement in the sum of $5,150 after allowing credit for weekly payments theretofore made, which sum was paid to his attorney, who accounted therefor to the plaintiff. The defendant set up fraud and undue influence and other matters in avoidance of his claim under the act and acceptance of the benefit thereof, but under the view which we have of the matter such claim and acceptance of benefits are immaterial, for, if the defendant was a subscriber under the act and the plaintiff an employee covered by the policy of insurance, this of itself was a complete defense to the present action.

The appellant contends that he was not such an employee because:

(1) The policy did not cover employees of the defendant at its camp in Stephens county.

(2) It did not cover an employee doing the work in which he was engaged (construction of an electric line) at the time he was injured.

The provisions of the policy pertinent to this inquiry are as follows:

Subject to the conditions printed upon the back and other provisions, agreements and conditions indorsed thereon or added thereto the "Insuring Agreement" upon the face of the policy was:

"(1) To furnish, or cause to be furnished, the medical aid, hospital services and medicines, and to pay such claims for compensation, as are duly established under the provisions of chapter 179, Acts of 1913, state of Texas (herein called the Compensation Law), and/or any amendments thereof, on account of bodily injuries and/or death, accidentally suffered or alleged to have been suffered, while this policy is in force by any employé or employés of the subscriber.

"(2) To investigate and pay the loss and/or expense arising or resulting from claims upon the subscriber for damages, actual or exemplary, on account of bodily injuries and/or death accidentally suffered, or alleged to have been suffered while this policy is in force by any employé or employés of the subscriber."

Under "General Agreements" on the back:

"(9) The premium is based upon the entire earnings during the period of insurance of all employés of the subscriber anywhere in the state of Texas, or in any other state if hired in the state of Texas, in whatsoever work employed, independently of the sufficiency or otherwise of the classifications and rates contained in declaration 5 of the schedule of statements following. * * *

"(a) * * *

"(b) *Classifications and Rates.* The classifications and rates in declaration 5 of the schedule of statements following are subject to adjustment in accordance with the rules, classifications, and rates contained in the compensation manual filed by the association with, and ap-

proved by, the insurance department of Texas, independently of the sufficiency of such classifications and rates in its application to the work done or in process of being done.

"(c) If work is done by the subscriber which is not comprised in the description of the trade, business or work set forth in declaration 5 of the schedule of statements following, such declaration and such schedule of statements shall be deemed to be amended so as to include such work, and the subscriber agrees to pay a premium in respect of such work, calculated in accordance with the compensation manual referred to immediately preceding."

Under "Schedule of Statements":

"(3) Location of risk, Houston, or elsewhere in state of Texas.

"(4) Trade or business, oil refining, and oil producing.

"(5) A full description of the work covered and to be covered by this policy, the location of all places where such work is to be done, the estimated earnings of the employés engaged therein for the term of the proposed insurance, the premium rate or rates, and the advance deposit premium are as follows: [Here follows list of plants, class numbers, character of business at each plant, miscellaneous operations, rates and manual classification of employés. The Lauderdale camp is not named nor is there any listing in the classification of electric line building employés.]"

"(8) No explosives are used, allowed, or kept at the places named in statement 3, except as follows: ———.

"(9) The operations carried on at the places named in statement 3 are solely those usual to the work described in statement 4, except as follows: ———."

"(11) No work of or in connection with the installation of mechanical equipment, the erection, wrecking, demolition, making additions to, or alterations in, any building or structure, nor work in connection with sewers, other than shown in statement 5, will be done except as follows: ———."

[1] Considering the policy as a whole, it is not subject to the construction placed upon it by appellant. Appellant relies upon the quoted portion of the schedule of statements. In the first place, they are merely in the nature of contractual warranties on the part of the subscriber in favor of the insurer. They affect only the rights of the subscriber and insurer inter sese and not the rights of the employees of the subscriber to compensation as provided by the Compensation Act. Janes Contracting Co. v. Home L. & A. Co. (Tex. Civ. App.) 245 S. W. 1004, affirmed by the Commission of Appeals, 260 S. W. 839. But in rejecting appellant's construction of the scope of the policy we need not base our action upon the view that the schedule of statements amounts to nothing more than covenants affecting only the rights between themselves of the subscriber and insurer.

[2] The "Insuring Agreement" covers "any employé or employés of the subscriber." Section 9 of general agreements meets the objection of the plaintiff that the Lauderdale camp was not mentioned in the schedule of statements nor his employment classified therein. The effect of section 9 was to cover every employee of the subscriber anywhere in the state of Texas in whatsoever work employed independent of any insufficiency in the statements contained in declaration 5 of the schedule of statements and to amend the schedule so as to cover such employee.

It would not have been at all competent for the Texas Employers' Insurance Association to deny liability under the Compensation Act to the appellant because of the failure of the policy to name in the schedule the Lauderdale camp and classification of the work in which appellant was engaged at the time he was injured. We hold that the policy did cover appellant. The cases cited by him in this connection have no application because of the difference in the policies there considered.

[3] Another proposition advanced by appellant is that the Texas Employers' Insurance Association is to be regarded as the agent of the Texas Company, and cannot be regarded as an insurer under the Compensation Act; therefore appellant's right of action at common law is not impaired. This association was created by the Compensation Act to act as insurer. There is no merit in this contention.

Since the defendant was a subscriber under the Compensation Act and the plaintiff protected by the policy in question, it follows that he had no right of action under the common law against his employer for any actual damages sustained by him in the course of his employment.

His right to recover exemplary damages for the alleged gross negligence of his employer is ruled against him by the recent decision of the Commission of Appeals in Castleberry v. Frost-Johnson Lumber Co., 283 S. W. 141.

[4] From what has been said, it follows that all findings by the jury with respect to the common-law remedy for actual and exemplary damages are immaterial. The trial court properly disregarded them in rendering its judgment. Disregard of findings upon immaterial issues is not in violation of the rule in this state which prohibits the rendition of judgment non obstante veredicto. Krenz v. Strohmeir (Tex. Civ. App.) 177 S. W. 178; National Equitable Soc. v. Reveire (Tex. Civ. App.) 209 S. W. 799; Kelley v. Ward, 94 Tex. 289, 60 S. W. 311.

[5] There are a number of other assignments which complain of rulings upon evidence. These rulings we regard as correct but in no event could they affect the controlling facts upon which the decision herein is based. If erroneous, they were thus harmless.

The eighth proposition is without merit for

the reason that the matter pleaded by defendant was not in abatement of the suit nor to the jurisdiction of the district court but was defensive matter in bar.

Affirmed.