## GOMILLION v. UNION BRIDGE & CONSTRUCTION CO. OF KANSAS CITY, MO.

### No. 8894.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1939.

Elton Cruse, of Beaumont, Tex., for appellant.

Major T. Bell, of Beaumont, Tex., for appellee.

Before FOSTER, HOLMES and McCORD, Circuit Judges. •

McCORD, Circuit Judge.

James W. Gomillion was fatally injured while in the course of his employment with the Union Bridge and Construction Company of Kansas City, Missouri. Suit was brought by his wife, Mrs. Winnie Gomillion, individually and as next friend of her two minor children, to recover actual damages of $50,000 and exemplary damages of $100,000.

The defendant's answer to the petition contained a specific allegation that the plaintiff, appellant, was not entitled to recover actual damages for the reason that the said Union Bridge and Construction Company was a subscriber under the Workmen's Compensation Law of Texas at the time of the accident. Vernon's Ann.Civ. St.Tex. art. 8306 et seq.

That part of the petition seeking actual damages, together with the question of whether or not the bridge construction company was a subscriber as defined by the Texas Compensation Act, was transferred to the equity docket. There it was found, and the court so decreed, that the appellant was not entitled to recover actual damages for the death of her intestate for the reason that the bridge company carried compensation insurance on the life of the deceased. It was further found and decreed that the compensation insurance carried by the bridge company had been approved by the Board of Insurance Commissioners of Texas. Thereupon the court below permanently enjoined the plaintiff, appellant, from the prosecution of any suit for actual damages.

It is the law of Texas that where compensation insurance is carried covering employees, such insurance must be approved by the Board of Insurance Commissioners. Where such insurance is carried and the same has been approved by the board and injury occurs to an employee, his relief

must be sought and found under the Workmen's Compensation Act. He may, of course, in addition to seeking compensation insurance bring suit for gross negligence and recover exemplary damages therefor, if he can. The rule is well stated in the case of Sheek v. Texas Co., Tex.Civ.App., 286 S.W. 336, wherein it is declared [page 338], "* * * the defendant was a subscriber under the Compensation Act and the plaintiff protected by the policy in question, it follows that he had no right of action under the common law against his employer for any actual damages sustained by him in the course of his employment."

The undisputed evidence reveals that the Texas Indemnity Insurance Company issued its "Standard Workmen's Compensation and Employer's Liability Policy" to the Union Bridge and Construction Company prior to the death of Gomillion, and that Mrs. Gomillion and the minor children had been receiving benefit payments under the policy from the insurance company.

Appellant admits that there had been issued to the bridge company a standard approved form of policy which was in force at the time of the accident. It is contended, however, that an attached "Participation and Assessment Endorsement" entirely superseded the main policy and prevented the employer from being a subscriber.

The endorsement stipulated that the assured would pay the manual or experience rates of premium applicable to the policy as promulgated by the Board of Insurance Commissioners of Texas. It further provided that if the premiums so paid were insufficient to provide for the payment of all incurred losses and other expenses incidental thereto, the assured would pay to the company, upon demand, such additional amounts as might be necessary to provide adequate reserve computed as prescribed by the Board of Insurance Commissioners under the insurance laws of the State of Texas. If the premiums so paid proved to be more than sufficient to meet the incurred losses and incidental expenses, the company agreed to return the excess to the insured according to such plans as might be adopted by its Board of Directors, and approved by the Board of Insurance Commissioners of Texas. Ten per cent of the premiums were to be deducted and retained by the Insurance Company.

Article 4913, Vernon's Revised Civil Statutes of Texas, gives to the Insurance Commission the authority to prescribe a uniform policy for Workmen's Compensation and further provides that any company or association "may use any form of endorsement appropriate to its plan of operation, if such endorsement shall be first submitted to and approved by the Commission, * * *". It is without dispute that the endorsement here questioned was formulated in 1933 by the Insurance Commissioner. This endorsement had been approved by the Board of Insurance Commissioners and was a standard attachment to all the policies of this insurance company. It is shown that the insurance authorities of Texas would not permit the Texas Indemnity Insurance Company to issue any other character of compensation policy and that they required that all the policies carry the "Participation and Assessment Endorsement."

The appellant contends that the insurance company assumed no risk, that it merely handled the assured's claims and losses as though the assured were a self-insurer, and that the premium ultimately to be paid was to be based upon the losses and expenses. The contention is without merit. The insurance company did assume liability. The policy of insurance issued to the appellee, by its terms, placed a definite and fixed liability on the insurance company to pay "promptly to any person entitled thereto, under the Texas Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due." The duty to see that premiums are accurately and fully paid is a question left entirely to the Board of Insurance Commissioners of Texas. So far as this appellant is concerned the question of premium payment is immaterial. She is now drawing compensation from the insurance company and that company by such payment has acknowledged liability. Texas Employers' Insurance Association v. Price, Tex.Civ.App., 300 S.W. 667; Home Life & Accident Co. v. Orchard, Tex.Civ. App., 227 S.W. 705; Constitution Indemnity Company v. Shytles, 5 Cir., 47 F.2d 441.

At the time of the death of James Gomillion, the Union Bridge and Construction Company was a subscriber under the Workman's Compensation Law of Texas.

Vernon's Revised Civil Statutes of Texas, Article 8309. The policy of insurance was dated January 5, 1936, and was filed and approved prior to the death of the employee. Following the issue of the policy, both the insurance company and the bridge company notified the Texas Industrial Accident Board that the bridge company had become a subscriber under the Texas Compensation Law. Gomillion not having given notice of any reservation of his common law rights, the employer is entitled to all the rights and defenses of a subscriber under Texas law. Sheek v. Texas Company, Tex.Civ.App., 286 S.W. 336; Vernon's Revised Civil Statutes of Texas, Article 8306; Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556; Howard v. Texas Company, D.C., 48 F.2d 888.

The judgment is affirmed.