**CONTINENTAL FIRE & CASUALTY INS. CORPORATION v. AMERICAN MFG. CO. OF TEXAS.**

**No. 14883.**

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 14, 1947.

Rehearing Denied Dec. 19, 1947.

Mohrle & Oster, of Dallas, for appellant.

Thompson, Walker, Smith & Shannon, of Fort Worth, for appellee.

SPEER, Justice.

This is a venue suit predicated upon the plea of privilege. Plaintiff, American

Manufacturing Company, a corporation, sued defendant, Continental Fire & Casualty Insurance Corporation, to recover an amount in excess of $14,000.

Plaintiff was carrying a Workmen's Compensation insurance policy with Pacific Employers Insurance Company, hereinafter referred to by us as Pacific Company, effective from May 18, 1944, to June 1, 1945, upon which policy plaintiff had paid the premium contracted for.

Defendant was very anxious to procure the insurance business of plaintiff, and while the Pacific Co. policy was in effect, the Vice President of defendant, in Tarrant County, Texas, contacted the officials of plaintiff several times in an effort to induce plaintiff to cancel the Pacific Co. policy and purchase a similar policy from defendant. Much discussion was had between them as to whether plaintiff would have to pay to the Pacific Co. premiums on a short rate basis, if the current policy should be cancelled. Defendant promised plaintiff that if it would cancel and insure with defendant, the latter would pay to plaintiff any amount of the difference in premiums to the Pacific Co. plaintiff had already paid and the premium if the Pacific Co. charged plaintiff on the short rate basis.

Plaintiff cancelled the Pacific Co. policy and purchased one from defendant. Pacific Co. demanded of plaintiff the short rate premiums; defendant advised plaintiff to not pay it. Pacific threatened suit and plaintiff paid it; demand was made on defendant for performance of its contract; it refused and this suit was instituted.

Defendant, a Dallas corporation, filed its plea of privilege and plaintiff filed a controverting affidavit setting up the matters above detailed and relied upon exception 23 of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 23, upon the claim that a part of the cause of action arose in Tarrant County, where suit was filed.

A hearing was had to the court on the issue of venue. Plaintiff proved its alleged cause of action and that all conversations leading up to the contract and its consummation were had in Tarrant County. Defendant offered no testimony. Court overruled defendant's plea of privilege, and defendant has appealed.

Defendant's sole contention for reversal is embraced in its one point of error. That point is in substance: That the contract sued on is illegal, and violative of the Constitution and laws of the State of Texas; that plaintiff failed to prove a prima facie case of liability against defendant and its plea of privilege should have been sustained.

Defendant contends in support of its point of error that plaintiff's asserted cause of action is shown by its pleadings and proof to be illegal and hence unenforceable because violative of the Constitution and laws of this State.

■ Texas Constitution, Art. XVI, Sect. 25, Vernon's Ann.St. is cited as authority for defendant's contention. A reading of that section may lead one to wonder if it is applicable to insurance companies writing the various forms of life, fire, tornado, marine, workmen's compensation insurance, and the like. In any event the article is not self enacting but dependent upon Legislative enactments.

In 1909 the Legislature passed an act which became Article 4954 of 1911 R.C.S. That article is similar in many respects to the present statutory provisions noticed later by us. The same Legislature passed Art. 4955 of 1911 R.C.S. to the effect that all laws applicable to life, fire and marine insurance should so far as applicable apply to all insurance companies transacting any other kind of insurance business in the state.

Article 4954 of 1911 statute was brought forward into the 1925 R.C.S. as Article 5053 but Art. 4955 of 1911 statute, making the provisions of 4954 (1911) applicable to all classes of insurance, was not brought into the 1925 revision of the statutes. We think this quite significant of legislative intent.

■ At the First Called Session of the 41st Legislature in 1929, Art. 5053, 1925 R.C.S., was amended, now Art. 5053, Vernon's Ann.Civ.St. The caption of that amendment recites in substance that the purpose was to amend Art. 5053 "Relating to discrimination and other practices in

connection with the sale of life insurance policies" and other enumerated things. Art. 578, P.C., is in the same language of Art. 5053, as amended.

The amended article, as before stated, does not materially change the situation before us, from what was previously provided, except that it is perhaps more definitely stated that it applies to life insurance policies and embraces additional inhibitions; none of which refer to Workmen's Compensation insurance, although our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., was then effective.

Article 4888 provides that the Board of Insurance Commissioners shall establish uniform policies applicable to the various risks covered and that all companies engaged in the business must adopt and use same.

Article 4894, R.C.S., provides in effect that no company shall insure property against loss or damage by fire except in compliance with the laws; nor shall it issue such policy at a lesser rate than that provided by the Commission; nor to issue any contract of such insurance other than as provided in that chapter.

Article 4682b, Vernon's Ann.Civ.St. provides that the Commission has exclusive authority to fix the rates to be charged on all forms of insurance on motor vehicles, and requires companies writing such insurance to observe the rates so fixed.

The foregoing are the Constitutional and Statutory provisions relied upon by defendant. It cites several decisions some of which relate to these provisions.

For a construction of the several Constitutional and Statutory provisions cited, defendant relies upon such cases as Security Life Ins. Co. v. Allen, Tex.Civ.App., 170 S.W. 131; Morris v. Fort Worth Life Ins. Co., Tex.Civ.App., 200 S.W. 1114; Gause v. Security Life Ins. Co., Tex.Civ. App., 207 S.W. 346; Wright v. Wight & Wight, Tex.Civ.App., 229 S.W. 881; and Word v. J. E. Earnest & Co., Tex.Civ. App., 129 S.W.2d 833, all of these cases by various courts of civil appeals.

The first three cited cases involved life insurance policies and the fourth cited case involved a fire insurance policy and applied the provisions of Article 5053, Vernon's Ann.Civ.St., which, as above pointed out, relates only to life insurance companies.

The last case cited in the group, Word v. J. E. Earnest & Co., involved, among other policies, workmen's compensation. In that case Earnest & Co., the insurance agency writing policies for other insurance companies, sued Word, the policy holder, for premiums on policies with plaintiffs' company. The defendant resisted payment upon the contention that plaintiffs had agreed, as an inducement for defendant to cancel existing policies and take them with plaintiffs' company, that he would be allowed a fifteen per cent discount or rebate on all premiums and that the whole contract for payment of premiums was illegal and unenforceable. The trial court instructed a verdict for plaintiffs and upon that verdict entered judgment. The Dallas Court of Civil Appeals reversed that judgment and rendered it for defendant, upon two grounds: (1) Because plaintiffs did not show themselves to be the owners of the premium account sued on, and (2) because the account sued on involved a rebate of premiums violative of Art. 5053, Vernon's Ann.Civ.St., above cited, and was against public policy. The Court in quoting the article of the statute omitted that part which made it especially applicable to life insurance, when the policies involved were of a different type. The Supreme Court reversed the Court of Civil Appeals (137 Tex. 16, 152 S.W.2d 325) holding that no instructed verdict should have been had and that under the evidence whether or not there was a contract to rebate the premiums at 15% was only a jury question. No reference was made by the Supreme Court to the applicability of Art. 5053, supra, to the involved situation.

In Liverpool & London & Globe Ins. Co. v. Baggett, Tex.Civ.App., 275 S.W. 313, writ refused, the court had before it matter of forfeiture of a fire insurance policy where a note was given for the premium. The policy did not contain a provision authorizing acceptance of a note in lieu of cash for premiums nor for forfeiture in case of failure to pay the note when due.

Reliance as a defense was based upon Art. 4954, 1911 R.C.S., now 5053, Vernon's Ann.Civ.St. It was there held that the cited article applied only to life insurance policies, and not to fire insurance policies.

It will be noted that in the cited cases trials were upon the merits, and not, as here, on venue.

It is now the settled rule in this State when, as in this case the privilege is claimed by the plea, at the hearing thereof the plea and controverting affidavit constitute the pleadings. The plea of privilege is prima facie proof of the right of the party claiming it to authorize the change of venue. The burden of proof is upon plaintiff to overcome the claimed privileged right and to thus bring the case within one or more of the exceptions to venue under Article 1995, R.C.S. The merits of the case involved, either offensively or defensively, may not be determined at that hearing. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W. 2d 675; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Vitopil v. Gray, Tex.Civ.App., 111 S.W.2d 1202; Super-Cold Southwest Co. v. Green & Romans, Tex.Civ.App., 185 S.W.2d 749.

We have been cited to no case nor have we been able to find one which we consider applicable to the precise situation before us. As before indicated, this appeal involves only venue and we are not authorized to determine the liability or non liability of defendant in the matters involved, since to do so would be a disposition of the case upon its merits.

The point of error relied upon by defendant poses the issue of the illegality of the obligation sued on. Rule 94, Texas Rules of Civil Procedure, requires the defendant to specially plead the illegality of the contract before he can avail himself of that defense. Of course in this venue case defendant has not been called upon to plead the merits of the case. It may also be observed that if plaintiff's petition affirmatively and conclusively shows upon its face the illegality of the transaction upon which suit is based, it becomes a judicial admission and defendant can rely upon it.

In view of the many statutory provisions, each of which is made specially applicable to either life, fire, tornado, marine, property damage, motor vehicles, and the like, we are unwilling to hold that the controverting affidavit in this case must of necessity be construed as showing the illegality of the contract claimed and sued upon by plaintiff. The trial court filed no separate findings of fact and the judgment entered recited none. The judgment was in short form and simply overruled the plea of privilege. This could be construed as meaning (1) that the contract was not illegal, or (2) that plaintiff's asserted contract did not amount to a rebate on the premium.

We purposely decline to say or remotely infer that the asserted contract is either legal or illegal. We only hold that for purposes of venue the alleged cause of action asserted in the controverting affidavit is not necessarily nor conclusively shown to be illegal.

As previously pointed out, defendant's sole point of error is based upon the theory that the controverting affidavit and petition of plaintiff (to which we may look for the nature of the cause of action) are illegal under the constitutional, statutory and cited authorities.

We have concluded that because of the involved authorities and the uncertainty of a final construction of each and the nature of the entire record before us the point of error as presented should be overruled and that the judgment of the trial court should be and is hereby affirmed.