**ST. PAUL INSURANCE COMPANY,**
**Appellant,**

v.

**James B. McPEAK, Appellee.**

**No. C2981.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 8, 1982.
Rehearing Aug. 19, 1982.

T.P. Flahive, Austin, Jim McDaniel, Houston, for appellant.

John O'Quinn, Houston, R.B. Cousins, Thompson, Coe, Cousins & Irons, amicus curiae, Dallas, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This appeal arises from a suit brought under the Workers' Compensation Act, Tex. Rev.Civ.Stat.Ann. art. 8306, et seq. (Vernon 1967) (hereafter Act), and Article 21.21, § 16 of the Texas Ins.Code (Vernon 1981) (hereafter Section 16). The trial court overruled appellant's motion to sever the workers' compensation claim from the other causes of action, and the case proceeded to trial. The jury found appellee totally and permanently disabled under his workers' compensation claim. The jury also found that appellant had violated the provisions of Article 21.21 by its unfair practices in the business of insurance. The trial court then awarded appellee three times the value of the statutory total and permanent workers' compensation benefits based on the provisions of Section 16, and attorney's fees. Judgment was entered and appellant gave timely notice of appeal. We hold that the trial court erred in entering judgment on the authority of Article 21.21 of the Insurance Code, and we reverse.

Appellee sustained a work related injury on March 18, 1980, when the scaffold upon which he was standing collapsed. Appellee consulted a physician who diagnosed the injury as a herniated lumbar disc of the lower back. As a result of the accident and the injury received, appellee filed a claim for disability benefits with appellant, his employer's compensation carrier. Based on the physician's report appellant commenced paying weekly disability benefits and medical expenses.

After several months of compensation payments appellant had appellee's claim reviewed by a private rehabilitation service. Appellee was interviewed by the rehabilitation service and agreed to be examined by an orthopedic surgeon recommended by appellant. This second physician examined appellee and concluded he had no disability based on the industrial injury. Shortly after receiving this second report appellant terminated the weekly compensation payments and refused to further compensate appellee for any additional medical expenses. The case was brought to the Industrial Accident Board, but could not be resolved at that level. Suit was filed in the District Court, where, in addition to his compensation claim, appellant asserted the cause of action for unfair practices in the termination of his benefits.

Appellant and appellee have well briefed and argued this case. They raise the issue of applying a concept of unfair or bad faith settlement practices to the Workers' Compensation Act. We recently considered this issue in *Leroy Massey v. Armco Steel Co.,* 635 S.W.2d 596 (1982), where a *common-law* cause of action for bad faith settlement practices in the processing of a workers' compensation claim was asserted against an employer. This Court found it unnecessary to address the ultimate issue because of the exclusivity clause of the Act which bars a cause of action against employers. This decision was not reached, however, without a vigorous dissent in favor of finding a cause of action.

In the case at bar we are presented with a similar issue asserted through a different mechanism. Here, appellee did not attempt to find a cause of action for unfair/bad-faith practices in the common law, but rather asserted a *statutory* remedy against the compensation carrier. A statutory cause of action for unfair practices, however, is not found in the Act, so appellee asserted certain "applicable" provisions of the Insurance Code. This commingling of the provisions of the Act and Code forms the basis for appellant's complaints on appeal, and causes this Court equal concern.

Appellant raises numerous points of error on appeal, none of which concern the jury finding of total and permanent disability. First, appellant claims Article 21.21 does not apply to unfair claims practices and that the acts found by the jury to be unfair did not violate Article 21.21 or the Deceptive Trade Practices—Consumer Protection Act (DTPA), Tex.Bus. & Comm.Code Ann. § 17.41 et seq. (Vernon Supp.1982). Appellant also claims the alleged unfair practices did not cause injury to appellee. Although appellant urges we base our opinion in this area, it presents other points of error which must be first considered, and, if determinitive, will render a consideration of the first points of error unnecessary.

Through its second point of error, appellant argues the trial court erred in trebling the award of total and permanent disability

benefits because actions under the Act and Article 21.21 have separate statutory bases, and the measure for awarding benefits under a workers' compensation claim and damages under an unfair practices suit are independent and unrelated. The thrust of this argument is that the trial court erred in allowing unfair practice issues to be presented to the jury along with the traditional total and permanent disability issues. Furthermore, appellant argues the trial court erred in taking the statutory *award* for total and permanent disability and trebling it as *damages* under Section 16.

■ The purpose behind the Workers' Compensation Act is well established. The Act was designed to compensate an injured worker for his loss of earning capacity, and nothing more. *Lumbermen's Mutual Casualty Co. v. Villalpando,* 605 S.W.2d 705, 709 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Employers Reinsurance Corp. v. Holland,* 162 Tex. 394, 347 S.W.2d 605 (1961). It was not intended to compensate an employee for his lost earnings or the injury itself. *Id.; Electric Mutual Liability Insurance Co. v. White,* 579 S.W.2d 946, 947 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). "The object of the statute was to do away with the employer's common law defenses and to fix the amount recoverable by the employee free from any uncertainty . . . The statute, on the one hand, takes away from the subscribing employer his common law defenses, and, on the other, it limits the amount of compensation recoverable by the employee." *Hazelwood v. Mandrell Industries Co.,* 596 S.W.2d 204, 206 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Whenever this balance is tipped so one party has had its rights under the Act substantially reduced, the "clear intent of the legislature" is thwarted and the case must be reversed as violative of public policy. *Id.* Therefore, under a workers' compensation claim the award of the court for a finding of total and permanent disability is meant to be a recompensation to the employee. The employee's recovery is intentionally limited by statute, and any deviation is a threat to the public policy underlying the Act.

We believe the action of the trial court in trebling the award of total and permanent disability benefits was incorrect for several reasons. First, the statutory award of benefits for appellee's disability did not amount to *actual damages* as required by Section 16. Section 16 provides that a claimant who prevails on a suit for unfair or deceptive acts or practices in the business of insurance may obtain three times the amount of *actual damages* incurred. This requirement of actual damages under Section 16 and the DTPA applies only to those damages recoverable at common law. *Brown v. American Transfer and Storage Co.*, 601 S.W.2d 931, 939 (Tex. 1980); *Reiger v. DeWylf*, 566 S.W.2d 47 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.); *Cantrell v. First National Bank of Euless*, 560 S.W.2d 721, 727 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). Rights and benefits that derive from a statutory basis cannot be considered as actual damages. *Cantrell*, at 727.

We do not believe the disability benefits received through a workers' compensation claim amount to actual damages. The Act and the accompanying case law do not speak in terms of "damages," but refer to "benefits" and "awards." Article 8307, § 5 of the Act, involving suits to set aside the final ruling and decision of the Industrial Accident Board, uses the terms "awards" and "judgments" when speaking of disability benefits; the word "damages" is not used in reference to a judgment of the court.

The term "damages" is found, however, in Article 8306, § 12g, which prohibits the collection of premiums from employees. Upon a violation of this section the employee is entitled to recover all benefits under the Act and "shall have a separate right of action to recover *damages* against such employer without regard to the compensation paid . . ." (emphasis supplied). This recovery has been interpreted by the Supreme Court to be actual damages, not to be confused with the compensation benefits recoverable for the injury. *Big Mack Trucking Co. v. Dickerson*, 497 S.W.2d 283 (Tex.1973). The term "damages" is also found in Article

8306, § 3, which provides the Act shall represent the exclusive remedy for the injured employee and that no cause of action for *damages* shall lie against the employer or carrier. *See also:* Article 8306, § 3a, providing for the waiver of the common-law rights of action to recover actual damages. The United States Court of Appeals for the Fifth Circuit has also adhered to this contrast in terminology by distinguishing compensation payments from actual or exemplary damages. *Gomillion v. Union Bridge & Const. Co.*, 100 F.2d 937 (5th Cir. 1939). In all of these contexts, the concept of compensation benefits, whether as an award or a judgment, has been distinct from the common-law concept of actual damages.

Furthermore, the law is clear that actual damages must be pled and proven at trial and must be presented to the jury in the form of a special issue. *Reiger, supra.* In the case at bar, the jury answered issues of the total and permanent disability and unfair insurance practices. The jury was never given an issue as to actual damages for the unfair practices. Instead, the Court trebled the award for the disability finding. This jury finding, however, cannot substitute for a finding on actual damages. *Id.*

Appellee responds by claiming appellant cannot raise this error on appeal because it failed to object to the absence of an instruction on damages when the charge was presented to the jury. Appellee's argument, however, ignores the fact situation by which the suit arose. This suit arose as a workers' compensation claim. In such cases, the jury is only allowed to consider the employment injury and return a finding on the disability. A jury is never allowed to return the actual compensation award because that amount is established by provisions of the Act. *See:* Article 8307, § 5, and 8306, § 10. Appellant could not object to the absence of a damage issue in the charge because one could not have been given under the Act, nor would one be expected by appellant's attorney. The judgment award based on the jury's disabil-

ity finding, however, does not constitute a finding of actual damages or satisfy the requirement that the damages for the unfair practices, as opposed to the benefits for the disability, be presented as a special issue and be returned by the jury. *Reiger, supra.*

Therefore, because the purpose of the Act is to only compensate an injured worker for his lost earning capacity, *Lumbermen's Mutual Casualty, supra,* and, keeping in mind that the Act provides a statutory remedy instead of one at common-law, *Truck Insurance Exchange v. Seelbach,* 161 Tex. 250, 339 S.W.2d 521 (1960), we hold the judgment award of the trial court did not amount to actual damages capable of being trebled under Section 16. Since a separate issue of actual damages was not presented to or returned by the Jury, we further hold there was no finding as to appellee's damages for unfair insurance practices under Section 16(b)(1).

Finally, we believe the trial court erred in trebling the total and permanent disability award because benefits awarded under the Act and damages recovered for unfair practices under Article 21.21 have separate and independent statutory bases. We read the intent of the legislature to have established the Insurance Code and the Workers' Compensation Act for two distinct purposes. Although insurance carriers which issue policies for both general life, health, home and automobile insurance, and workers' compensation may find themselves covered by the Code and the Act, we believe it was the intent of the legislature to set aside workers' compensation insurance to meet the specific needs of the worker. *Hazelwood, supra.* This is especially evident when examining provisions of the Code which distinguish the Act. *See:* Article 5.66, which provides that workers' compensation insurance shall be independent of the requirements in the Code dealing with insurance rates and policy forms. *See also:* Article 21.21–2, § 2, which makes the provisions of the Unfair Claim Settlement Practice Act applicable to all forms of insurance except workers' compensation insurance (Subchapter D of Charter 5). Therefore, the trial court impermissibly confused the purposes of the two statutes by applying Article 21.-21 to a judgment under the Act.

The case of *Continental Fire & Casualty Ins. Corp. v. American Manufacturing Co. of Texas,* 206 S.W.2d 669 (Tex.Civ.App.—Fort Worth 1947, no writ), gives authority to the proposition that Article 21.21 does not apply to workers compensation claims. There, the Fort Worth Court dealt with Article 5053, Vernon Ann.Civil Stats., " 'Relating to discrimination and other practices in connection with the sale of life insurance policies' and other enumerated things," which was the predecessor of Article 21.21. *Id.* at 671. The court held that this statute dealing with discrimination in insurance practices did not apply to worker's compensation insurance. *Id.*

Taking into account the above reasoning and authority, we have come to the conclusion that Article 21.21 does not apply to causes of action brought under the Workers' Compensation Act. We are not to be read as holding that a cause of action for bad faith settlement or other unfair insurance practices can never be brought against a compensation carrier. *Massey, supra.* That issue is not before us at this time. We also do not address whether Article 21.21 applies to unfair claims or bad faith settlement practices, or whether the violations claimed by appellant would be otherwise legally actionable. We simply hold the statutory remedies provided under Article 21.21 do not apply to actions brought under the provisions of the Workers' Compensation Act, and that the trial court erred in trebling the disability award.

Our resolution of this case on the second ground of error renders a consideration of appellant's other points unnecessary. The judgment of the trial court is reversed and remanded.

## OPINION ON MOTION FOR REHEARING

On original submission this Court reversed the trial court judgment on a suit brought under the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306, et seq.

(Vernon 1967) and Article 21.21, § 16 of the Texas Insurance Code (Vernon 1981). After jury findings that appellee was totally and permanently disabled under the workers' compensation claim and that appellant's unfair practices in the business of insurance were in violation of Article 21.21, the trial court awarded appellee attorney's fees and three times the value of unpaid medical bills plus the statutory total and permanent workers' compensation benefits based on the provisions of Section 16. Our reversal was based on appellant's second point of error which contended the trial court erred in trebling the award of total and permanent disability benefits because actions for workers' compensation benefits and unfair practices in the business of insurance have separate statutory bases and the measures of damages granted by these statutes are independent and unrelated. We now modify our original opinion on motion for rehearing and affirm in part and reverse and remand in part.

We granted appellee's motion for rehearing and consider a ground of error which was not discussed in our original opinion. The trial court overruled appellant's timely Motion to Sever the workers' compensation claim from the claims under Article 21.21 for unfair practices in the business of insurance, bad faith and gross negligence. Upon reflection, we believe that severance should have been granted.

■ Rule 174(b), Texas Rules of Civil Procedure provides that the court in furtherance of convenience or to avoid prejudice may order a separate trial of any separate claim or issue. A severance is appropriate if a controversy involves two or more separate and distinct causes of action, each of which might constitute a complete lawsuit within itself. *Burleson v. Finley,* 581 S.W.2d 304, 308 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). The controlling reasons for a severance are (1) the doing of justice, (2) the avoiding of prejudice, (3) the furtherance of convenience. *Utilities Natural Gas Corp. v. Hill,* 239 S.W.2d 431, 434 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r. e.). The decision as to the severance of

claims is ordinarily left to the discretion of the trial court. The Supreme Court of Texas has stated, however, that

> ... the Court is not vested with unlimited discretion, and is required to exercise a sound and legal discretion within limits created by the circumstances of the particular case. The express purpose of the rule is to further convenience and avoid prejudice, and thus promote the ends of justice. When all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion. The rule then is peremptory in operation and imposes upon the court a duty to order a separate trial. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (Tex.1956).

■ In the instant case, we are of the opinion that there was a misjoinder of the two causes. The statutory award of benefits under the workers' compensation claim and the measure of damages under Article 21.21, § 16 of the Texas Insurance Code are fundamentally different from one another and require substantially different evidence.

Therefore, we hereby sever the workers' compensation claim from the actions for unfair practices in the business of insurance, gross negligence and bad faith.

After a close examination of the record, we find that the evidence supporting the workers' compensation claim is overwhelming. The trial court judgment with respect to the claim under the Workers' Compensation Act is affirmed. Appellee is awarded disability benefits in the sum of $40,817.00 and recompense for medical bills totalling $2,390.00. Appellant is therefore ordered to pay appellee a total sum of $43,207.00.

Our original opinion is therefore modified only as hereby required and judgment of the trial court with respect to the action under Article 21.21, § 16 of the Texas Insurance Code is reversed and remanded to the trial court for a separate trial thereon.