Honorable Roy Blake Chairman Administration Committee Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Whether a proposed rule of the Texas Department of Health to accept a rebate for infant formula from a designated "primary supplier" violates article XVI, section 25, of the Texas Constitution (RQ-1396)
Dear Senator Blake:
You request our opinion on issues arising from a proposal that bidders on state contracts for goods and equipment be required to offer in their bids rebates to the state on the purchase price of the goods or equipment. Your inquiry is prompted by the Department of Health's recent acceptance of bids offering rebates on the purchase price of infant formula under the state's Women, Infants and Children (WIC) program. You are concerned that such a bidding requirement may violate article XVI, section 25, of the Texas Constitution.
Article XVI, section 25, provides the following:
 That all drawbacks and rebatement of insurance, freight, transportation, carriage, wharfage, storage, compressing, baling, repairing, or for any other kind of labor or service of, or to any cotton, grain, or any other produce or article of commerce in this State, paid or allowed or contracted for, to any common carrier, shipper, merchant, commission merchant, factor, agent, or middleman of any kind, not the true and absolute owner thereof, are forever prohibited, and it shall be the duty of the Legislature to pass effective laws punishing all persons in this State who pay, receive or contract for, or respecting the same.
It should be noted at the outset that this provision by its terms only prohibits rebatements or drawbacks to any person or entity that is "not the true and absolute owner" of the goods or services for which the rebatements or drawbacks are given. It does not, therefore, prohibit the giving of rebates on ordinary purchases of goods and equipment by the state. Regardless, however, of whether the transaction about which you inquire is the kind of rebate which is described in article XVI, section 25, we need not address that issue here.
Your inquiry raises two basic issues: (1) whether article XVI, section 25, alone bars the state from accepting rebates in the circumstances you describe, i.e., whether it is self-executing; and (2) if it is not self-executing, whether any provision of law implementing article XVI, section 25, prohibits the state from accepting rebates.
A constitutional provision is said to be self-executing when it supplies a rule sufficient to protect the right given or permit enforcement of the duty imposed. See Mitchell County v. City Nat'l Bank of Paducah, Ky., 43 S.W. 880, 883-884 (Tex. 1898); Attorney General Opinion Nos. MW-245 (1980); V-748 (1948). It is self-executing to the extent that anything done in violation of it is void and that parties engaging in the proscribed conduct do so with the knowledge that they are committing a prohibited act for which they might incur penalties if the legislature should discharge its duty and prescribe them. Attorney General Opinion V-748 (1948), quoting Hemphill v. Watson, 60 Tex. 679 (Tex. 1884).
In Continental Fire Casualty Insurance Corp. v. American Mfg. Co., 206 S.W.2d 669 (Tex.Civ.App.-Fort Worth 1947, no writ), the court concluded that article XVI, section 25, of the Texas Constitution is not self-executing but requires legislative enactments to accomplish its purposes. The only other reported case involving this provision of the constitution concerned a contract for hauling livestock which the Railroad Commission determined gave illegal rebates of freight rates to a livestock broker. Cox Feedlots, Inc. v. Hope, 498 S.W.2d 436
(Tex.Civ.App.-San Antonio 1973, writ ref'd n.r.e.). The parties conceded at trial that the contract provided for illegal rebates. In a footnote, the court cited article XVI, section 25, along with several statutes as authority on this issue. Cox Feedlots,498 S.W.2d at 438, n. 1. One of the statutes cited, article 4013, V.T.C.S., provides the following in pertinent part:
 No corporation, company or person mentioned in [article 4005 — railway companies, chartered transportation companies, telephone and telegraph companies, and their officers, agents, and employees] shall directly or indirectly, by any special rate, rebate, drawback, or other device, demand, exchange, collect or receive from any person . . . a greater or less or different compensation for any service rendered or to be rendered, in the transportation of passengers, properties or messages, than it or he charges, demands, collects or receives from any other . . . person . . . doing business in this State for a like service under substantially similar circumstances and conditions except as is provided in this title, nor shall grant any free transportation or franking privilege to any corporation or person except as provided in this title.
See also V.T.C.S. arts. 4013a; 6559i-4 (providing substantially the same with respect to railroad companies). The Cox Feedlots case is thus consistent with the holding in Continental Fire 
Casualty that article XVI, section 25, alone does not prohibit rebates, but must be implemented by legislation.
With this in mind, it should be noted that no statute expressly prohibits the state from accepting rebates on the purchase price of goods and equipment. In your letter to this office, however, you suggest that article XVI, section 25, is implemented by the Texas Free Enterprise and Antitrust Act of 1983, sections 15.01 through 15.40 of the Business and Commerce Code. Two provisions in particular draw your concern. Section 15.05(c) of the code makes it unlawful for any person to give discounts or rebates on the purchase price of any goods on the condition that the purchaser not use or deal in the goods of a competitor where the effect may be to substantially lessen competition in any line of trade or commerce. Section 15.03(c) provides that the term "person" "does not include the State of Texas, its departments, and its administrative agencies." You therefore ask whether the legislature may statutorily exempt a state agency from compliance with a constitutional provision, presumably article XVI, section 25.
Based upon our review of the legislative history of the Texas Free Enterprise and Antitrust Act, we do not believe that section 15.05(c) is the legislative implementation of article XVI, section 25. Prior to 1983, chapter 15 of the Business and Commerce Code prohibited monopolies, trusts, and conspiracies in restraint of trade. See Bus. Comm. Code § 15.04 (repealed by Acts 1983, 68th Leg., ch. 519, at 3014). The chapter did not expressly ban rebates. In 1983, the legislature enacted the current version of chapter 15. Acts 1983, supra. The bill analysis to the legislation making the changes in chapter 15 states that the purpose of the bill was to update Texas antitrust laws by patterning them after federal antitrust laws. Bill Analysis, Tex.S.B. 397, 68th Leg., 1983. Section 15.05(c) is patterned closely after 15 U.S.C. § 14. No mention is made of article XVI, section 25 in the bill analysis. While there is no doubt that both provisions serve the same public purpose, we find no evidence that section 15.05(c) of the Business and Commerce Code was intended to be the implementing legislation for article XVI, section 25, of the constitution. The more likely candidates for that distinction are V.T.C.S. articles 4013, 4013a, and 6559i-4, quoted and described above.
Furthermore, because the courts liberally construe constitutional provisions directing the legislature's action in order to carry out the purposes for which such provisions were adopted, Texas Nat'l Guard Armory Bd. v. McCraw, 126 S.W.2d 627 (Tex. 1939), we believe the legislature may enact legislation that promotes the policy of article XVI, section 25, without drawing on the authority of that constitutional provision. See generally, Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis 756 (1977) (concluding that the legislature needs no special constitutional authorization to regulate unjust price discrimination); Annot., Validity, construction, and application of state statute forbidding unfair trade practice or competition by discriminatory allowance of rebates, commissions, discounts, or the like, 41 A.L.R. 4th 675, § 2[a] (state statutes forbidding secret rebates generally held to be within police power of state). Therefore, we need not consider whether the legislature has in this instance attempted to exempt state agencies from compliance with article XVI, section 25.
To summarize, article XVI, section 25, of the Texas Constitution is not self-executing, but requires implementing legislation. The Texas Free Enterprise and Antitrust Act of 1983, sections15.01 through 15.40 of the Texas Business and Commerce Code, does not implement article XVI, section 25, of the constitution, and no statute implementing that provision prohibits the offer or acceptance of rebates on the price of goods and equipment purchased by the state. The Department of Health's acceptance of bids offering rebates on the purchase price of infant formula for the Women, Infants, and Children program therefore does not violate article XVI, section 25, of the Texas Constitution.
 SUMMARY
Article XVI, section 25, of the Texas Constitution is not self-executing, but requires implementing legislation. The Texas Free Enterprise and Antitrust Act of 1983, sections 15.01 through15.40 of the Texas Business and Commerce Code, does not implement article XVI, section 25. No statute implementing that provision prohibits the offer or acceptance of rebates on the price of goods and equipment purchased by the state. The Department of Health's acceptance of bids offering rebates on the purchase price of infant formula for the Women, Infants, and Children program therefore does not violate article XVI, section 25, of the Texas Constitution.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Steve Aragon Assistant Attorney General