interest of justice. *Scott v. Liebman*, 404 S.W.2d 288, 294 (Tex.1966). As long as there is a probability that a case for any reason has not been fully developed, an appellate court has the discretion to remand rather than render a decision. *Kondos v. Lincoln Prop. Co.*, 110 S.W.3d 716, 724 (Tex.App.-Dallas 2003, no pet.); *Bayway Serv., Inc. v. Ameri–Build Constr., L.C.*, 106 S.W.3d 156, 161 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Because we conclude the trial court erred in overruling Father's objection to the expert opinion and that error was harmful, a new trial will be necessary. We also conclude that a remand of the case against Mother is in the interest of justice. We resolve Father's first issue and Mother's third issue in their favor. Accordingly, we reverse the trial court's judgment and remand for further proceedings. We need not address the remaining issues. Tex.R.App. P. 47.1.

The judgment of the trial court is reversed and this case is remanded for further proceedings.

## TEAGUE NURSING HOME, et al., Appellants,

v.

## Maudie WILSON, Individually and by and through Her Next Friend Minnie CARSON, Appellee.

Nos. 10–05–00138–CV, 10–05–00231–CV.

Court of Appeals of Texas, Waco.

May 25, 2005.

J. Eric Elder, Edward P. Quillin, Quillin Law Firm, Dallas, for appellants.

David T. Marks, Jacques G. Balette, The Marks Firm, Houston, for appellee.

## DISSENTING OPINION

TOM GRAY, Chief Justice.

With no motion or briefing from the parties and with no analysis at all regarding severability, the majority plays on, litigating the interest of litigants without their input. This is not the majority's first gratuitous insertion of their desires in this fact pattern. *See Ma–Stell, Inc. v. Anadarko E & P Co.*, No. 10–03–358–CV, 2005 WL 984785, at *1, 2005 Tex.App. LEXIS 3193, at *1–2 (Tex.App.-Waco Apr. 27, 2005, order) and *Muennink v. Anadarko E & P Co.*, No. 10–05–00204–CV, 2005 WL 984785, 2005 Tex.App. LEXIS 3193 (Tex. App.-Waco Apr. 27, 2005, order).

The majority should at least address the propriety of severance. I have seen nothing that supports the validity of severing this appeal.

A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Id.* [*Saxer v. Nash Phillips–Copus Co. Real Estate*, 678 S.W.2d 736 (Tex.App.-Tyler 1984, writ ref'd n.r.e.)]; *Weaver v. Jock*, 717 S.W.2d 654 (Tex.App.-Waco 1986, writ ref'd n.r.e.). The controlling reasons for a severance are to do justice, avoid prejudice and further convenience. *St. Paul Ins. Co. v. McPeak*, 641 S.W.2d 284 (Tex.App.-Houston [1st Dist] 1982, writ ref'd n.r.e.).

*Guaranty Federal Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990)

### CONCLUSION

For these reasons. I dissent from the severance and reinstatement order.

### TEAGUE NURSING HOME, et al., Appellants,

v.

### Leroy WILSON, Appellee.

### Nos. 10–05–00137–CV, 10–05–00230–CV.

Court of Appeals of Texas, Waco.

May 25, 2005.

J. Eric Elder, Edward P. Quillin, Quillin Law Firm, Dallas, for appellants.

David T. Marks, Jacques G. Balette, The Marks Firm, Houston, for appellee.

### DISSENTING OPINION

TOM GRAY, Chief Justice.

With no motion or briefing from the parties and with no analysis at all regarding severability, the majority plays on, litigating the interest of litigants without their input. This is not the majority's first gratuitous insertion of their desires in this fact pattern. *See Ma–Stell, Inc. v. Anadarko E & P Co.*, No. 10–03–358–CV, 2005 WL 984785, at *1, 2005 Tex.App. LEXIS 3193, at *1–2 (Tex.App.-Waco Apr. 27, 2005, order) and *Muennink v. Anadarko E & P Co.*, No. 10–05–00204–CV, 2005 WL 984785, 2005, Tex.App. LEXIS 3193 (Tex. App.-Waco Apr. 27, 2005, order).

The majority should at least address the propriety of severance. I have seen nothing that supports the validity of severing this appeal.

A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. Id. [*Saxer v. Nash Phillips–Copus Co. Real Estate*, 678 S.W.2d 736 (Tex.App.-Tyler 1984, writ ref'd n.r.e.)]; *Weaver v. Jock*, 717 S.W.2d 654 (Tex.App.-Waco 1986, writ ref'd n.r.e.). The controlling reasons for a severance are to do justice, avoid prejudice and further convenience. *St. Paul Ins. Co. v. McPeak*, 641 S.W.2d 284 (Tex.App.-Houston [1st Dist] 1982, writ ref'd n.r.e.).

*Guaranty Federal Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990)

### CONCLUSION

For these reasons. I dissent from the severance and reinstatement order.

