Ozan PATTERSON, and John Ballenger, Individually and as Rule 23 Class Representatives on Behalf of All Other Similarly Situated Individuals

v.

MOBIL OIL CORPORATION, Forum Insurance Company, Mobil Corporation, Glenda Matous, Robert Gronwaldt, Individually and as Agents for Mobil Oil Corporation, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, American Home Assurance Company, Insurance Company of the State of Pennsylvania, Aig National Insurance Company, Aig Risk Management, Inc., and Aig, Inc.

Nos. 1:99–CV–156, 1:71–CV–087.

United States District Court,
E.D. Texas,
Beaumont Division.

March 28, 2002.

Gilbert T. Adams, Jr., Beaumont, TX, Larry R. Veselka, Craig Smyser, Smyser, Kaplan & Veselka, Houston, TX, for plaintiff.

David J. Beck, Beck, Redden & Secrest, Houston, TX, for Mobil.

Harvey N. Ferguson, Jr., Chaves Gonzales Hoblit, Corpus Christi, TX, James M. Harris,

Jr., Harris, Lively & Duesler, Beaumont, TX, for Forum Ins. Co.

Lipscomb Norvell, Jr., Benckenstein, Norvell & Nathan, Beaumont, TX, for Glenda Matouse and Robert Gronwaldt.

Robert Wellenberger, Thompson, Coe, Cousins & Irons, Dallas, TX, for National Union Fire Ins.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiffs Ozan Patterson and John Ballenger filed suits for relief from judgments entered over 25 years ago in Ballenger's case, and unstated times in Patterson's case (or cases), each case based on alleged RICO violations by Mobil Oil Corporation and various insurance companies, upon a theory that alleged Mobil was in fact uninsured and also it falsely represented to its employees (in Ballenger's case, his beneficiaries) it had a valid policy of workers' compensation insurance. Thus, the theory continues, Mobil was liable for injuries or death if such employees could show Mobil's negligence caused those injuries or deaths and Mobil was stripped of all of its common law defenses.

This court has now ruled on two motions for disqualification of this judge, and this memorandum will address the relevant motions still pending before the court. They are defendant's motion for summary judgment, plaintiff's motion to set aside earlier judgments, motions for miscellaneous relief, motions for class certification, motion for further discovery, and motions for intervention as a matter of right, or for permissive intervention as a matter addressed to the court's discretion.

## MOTION TO RE–OPEN UNDER RULE 60(b)(3)

The "Request for Relief from Judgment" (Request) by plaintiff Ella Ray Whitehead (formerly Mrs. Thomas J. Ballenger) is rejected as untimely. The request under Fed. R.Civ.P. 60(b) is premised upon an allegation of "fraud," which is a ground for relief from judgment under subpart 60(b)(3). Such a request cannot be filed more than one year after the judgment. Here, the judgment was

final in 1974, over twenty-five years before the motion was filed. The rules also provide that this time limit to allege fraud to avoid a judgment cannot be extended beyond one year.

■ Moreover, the Supreme Court of the United States and the Fifth Circuit have held that a plaintiff cannot evade this absolute one-year time bar by advancing any of three contentions, each of which plaintiff erroneously advances in her request: (1) plaintiff cannot resort to the Rule 60(b)(6) "any other reason" clause; (2) plaintiff cannot claim a "fraud upon the court"; and (3) plaintiff cannot offer the request in the guise of an "independent action." The court rejects these three contentions since they cannot be advanced upon the grounds stated in the request.

■ In any event, plaintiff has failed to set forth allegations of conduct on the part of Mobil that would justify application of Rule 60(b)(6), invocation of a "fraud upon the court," or allowance of an independent action. The Supreme Court and Fifth Circuit require that the alleged conduct constitute "extraordinary circumstances" or be of the "most egregious" type (such as a bribery), and specifically cannot be alleged failure to disclose or misrepresentation in a pleading. Plaintiff alleges a misstatement by Mobil in a 1971 Answer that it had obtained workers' compensation coverage from Forum Insurance Company ("Forum"), when allegedly the insurance program was a "farce" and a "facade." Even assuming *arguendo* that Mobil made such a misrepresentation and failed to disclose the full nature of its program, such conduct is precisely the type of conduct that the Supreme Court and Fifth Circuit have held does not constitute "extraordinary circumstances" or "most egregious conduct" which is necessary to avoid a judgment under Rule 60(b)(6) as a "fraud upon the court," or as an independent action.

The Supreme Court of the United states held in *United States v. Beggerly,* 524 U.S. 38, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998), held a 60(b) motion must be timely. The United States failed to find documents and disclose them to the claimants in a suit in-

volving land. The papers would have been of aid to persons claiming the land, but the claimant lost in the trial court. The papers were later found (after several years) and produced to the claimant. In an effort to set aside the prior judgment in favor of the United States, the Supreme Court held:

> If relief may be obtained through an independent action in a case such as this, where the most that may be charged against the Government is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, the strict 1–year time limit on such motions would be set at naught.
>
> . . . .
>
> The sense of those expressions is that, under the Rule, an independent action should be available only to prevent a grave miscarriage of justice. In this case, it should be obvious that respondents' allegations do not nearly approach this demanding standard. Respondents allege only that the United States failed to "thoroughly search its records and make full disclosure to the Court" regarding the Boudreau grant. App. 23. Whether such a claim might succeed under Rule 60(b)(3), we do not now decide; it surely would work no "grave miscarriage of justice," and perhaps no miscarriage of justice at all, to allow the judgment to stand. We therefore hold that the Court of Appeals erred in concluding that this was a sufficient basis to justify the reopening of the judgment in the *Adams* case.

*See also Nucor Corp. v. Nebraska Public Power District,* 999 F.2d 372 (8th Cir.1993).

Apart from these defects in the request, plaintiff's factual allegations do not, as a matter of law, set forth any conduct that can be found to constitute "fraud," a "misrepresentation," or any illegal conduct on the part of Mobil. In short, plaintiff contends that Mobil owned Forum, that Mobil absorbed all amounts paid as workers' compensation benefits, and that Mobil was, in effect, an illegal self-insurer. Fifth Circuit and Texas courts have, held, however, that workers' compensation arrangements such as the Mobil–Forum arrangement are perfectly lawful under the Texas Workers' Compensation Act ("TWCA"), as revised and amended. There is nothing improper, as the cases explain, with an employer ultimately paying for 100% of all workers' compensation claims paid out by its carrier. As to the employees, such employer-carrier financial arrangements are immaterial. *Gomillion v. Union Bridge & Construction Co.,* 100 F.2d 937 (5th Cir. 1939), where the court said:

> The appellant contends that the insurance company assumed no risk that it merely handled the assured's claims and losses as though the assured were a self insurer, and that the premium ultimately to be paid was based upon the losses and expenses. The contention is without merit. The insurance company did assume liability. The policy of insurance issued to the appellee, by its terms, placed a definite and fixed liability on the insurance company to pay "promptly to any persons entitled thereto, under the Texas Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due." The duty to see that premiums are accurately and fully paid is a question left entirely to the Board of Insurance Commissioners of Texas. So far as this appellant is concerned the question of premium payment is immaterial.

The actual facts set forth in the request cannot, as a matter of law, support the various labels of "fraud" that plaintiffs place upon the Mobil–Forum workers' compensation program. *See also Board of Insurance Comm'r v. Texas Emp. Ins. Ass'n,* 189 S.W.2d 47 (Tex.Civ.App.—Austin 1945), *aff'd* 144 Tex. 543, 192 S.W.2d 149 (1946).

Non-disclosure by a party will not ordinarily rise to such fraud on the court which would allow, much less require, reopening of 25–year–old cases. In *First Nat'l Bank of Louisville v. Lustig,* 96 F.3d 1554 (5th Cir. 1996), the Fifth Circuit, quoting from *England v. Doyle,* 281 F.2d 304, 309, stated:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. . Less egregious mis-

conduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. (Citations omitted)

On April 23, 1970, Thomas J. Ballenger was involved in an explosion on the premises of his employer Mobil; he died on May 1, 1970, as a result of his injuries. *Ballenger v. Mobil Oil Corp.*, 488 F.2d 707, 708 (5th Cir.), *cert. denied* 416 U.S. 986, 94 S.Ct. 2390, 40 L.Ed.2d 763 (1974).

As the surviving spouse, plaintiff Ella Ray Whitehead (then known as Mrs. Thomas J. Ballenger) submitted a workers' compensation claim to Mobil and the Texas Industrial Accident Board ("IAB") on behalf of herself and two surviving children, one of whom is proposed intervenor Mr. John Ballenger.

In 1971, Mrs. Ballenger, also on behalf of Intervenor John Ballenger and her other child, commenced a direct suit in this court, alleging gross negligence on the part of Mobil. 488 F.2d at 708. As the Fifth Circuit explained, under Tex.Rev.Civ. Stat. Ann. Arts. 8306 § 5 (since repealed in 1991), the TWCA allowed recovery of punitive damages from an employer for work related injuries despite [workers'] compensation ... but only if the plaintiff can prove gross negligence as defined by statute and, further, that some actual damages were sustained (although the actual damages so proved cannot be recovered if a workers' compensation award has been made).

On March 20, 1972, plaintiff obtained a favorable jury verdict on gross negligence; the jury determined and the court awarded punitive damages in the amount of $300,000 ($100,000 for each plaintiff). 488 F.2d at 708.

On January 23, 1974, the Fifth Circuit issued its opinion finding that there was not sufficient evidence of gross negligence, thus reversing and rendering as void the judgment of the court below; the lower court was instructed on remand to enter judgment for Mobil.

Twenty-five years after the 1974 judgment, on March 23, 1999, plaintiff Ella Ray Whitehead has filed before this court her request for relief under Fed.R.Civ.P. 60(b), asking that this court "set aside the judgment and re-open this litigation and entirety of the causes of action available to plaintiff and others similarly situated...." That 1974 holding and judgment also applied to Intervenor John Ballenger.

As grounds, plaintiff alleges "fraud"; namely, that Mobil "misrepresented" to plaintiff-and allegedly to the court by way of filing its 1971 Answer-that it "carried compensation insurance" applicable to plaintiff's workers' compensation claim. Plaintiff contends that Mobil maintained the "facade" of a workers' compensation program and that it was, in effect, "illegally self-insured." The root of the "farce," as plaintiff claims, is that Forum was at the time owned by Mobil. Mobil allegedly set up a "scheme" whereby it "pledged to pay all amounts that represented 'workers' compensation benefits' that were ultimately paid to its injured employees..." *Id.*

The 1970 Forum policy triggered by Mr. Ballenger's 1970 death is the only policy of relevance to her workers' compensation claim and this court action. Plaintiff, however, appears to allege, on behalf of "all others similarly situated," that Mobil did not have proper workers' compensation insurance from 1965 to 1995, affecting "thousands" of Mobil employees.

In separate papers, Ozan Patterson and John Ballenger move this court for leave to intervene in the 1971 action of Mrs. Whitehead-if it is revived. If the action is re-opened and they are allowed to intervene, Intervenors propose to file their attached "Plea in intervention and Rule 23 Request for Class Certification and Demand for Jury Trial."

Mrs. Whitehead's request is not timely for another reason. This suit was filed in March 1999. But both Mrs. Whitehead and Patterson were already members of the class in *McClelland v. Gronwald* in the 58th District Court of Jefferson County, Texas.

Rule 60(b)(6) requires such motion be filed promptly, and in no event later than one year after the judgment complained of. Neither Patterson nor Ballenger complied with this outside time limit.

However, each of them has filed suits in the state courts before their motions to request the old judgments be reopened were filed in this court. On October 5, 1998, Ella May Whitehead sued in the 60th District Court of Jefferson County, Texas, a suit against Mobil Oil Corporation seeking the same relief sought here, by the same attorneys here. Those attorneys sought class certification for "all others similarly situated." Adams, her attorney here, sought appointment as class counsel.

On the same day, October 5, 1998, the same attorney filed a pleading in the state court on behalf of Ozan Patterson seeking to intervene in Mrs. Whitehead's state court suit. This court does not now know whether the class has been certified by the state court, although counsel for the defendants states the judge of the 60th District Court of Jefferson County, Texas, announced from the bench following a hearing that the class would be certified.

In *McClelland v. Gronwold,* a purported class action filed in state court in 1995, defendants removed based upon federal question jurisdiction of a collective bargain agreement with hourly employees, and a welfare (severance) package for salaried employees. Plaintiff moved to remand. This court, before embarking on the class certification process, certified an interlocutory appeal on the issue of federal jurisdiction. In 1998, the United States Court of Appeals for the Fifth Circuit held this court did not have jurisdiction and directed the court to remand the case to the state court. This court promptly remanded the case on November 12, 1998. It is still pending there, and according to the exhibits attached to the defendants' papers in this case, has now certified as a class under state law, any and all claims of Mobil employees who sustained injuries of or representatives of persons who were killed while employed by Mobil in the course of employment during the years 1961–1995, inclusive. Both Patterson and John Ballenger are members of that class, but class counsel there is not the attorney for either Patterson or Ballenger.

In any event, Ozan Patterson and John Ballenger are members of that class, and knew of that suit and the Mobil–Forum Insurance Company problem well before the motion to reopen the federal cases was filed. Patterson and Ballenger also filed suits in state court on the same basis well before this request to reopen· in two different state courts. See Exhibits attached to defendant's opposition to relief from judgment and motion for intervention. Those cases are still pending and the same lawyers there filed this case. Those lawyers seek class certification and appointment as class counsel, because another lawyer from a different firm has been appointed as class counsel in *McClelland v. Gronwald.*

■ The summary judgment exhibits filed by defendants show during the years 1961 through 1995, Mobil became a subscriber under the applicable workers' compensation statutes, and the various revisions thereof, with a premium arrangement that Mobil would repay Forum, or other insurers in other years, for any and all monies paid by Forum in medical bills, administrative expenses, claims, judgments, disability payments, death benefits, attorneys' fees, compromise settlement agreements, and the like. This arrangement, according to plaintiffs' theory, strips Mobil of its insulation from common-law damage suits where an employee alleges and proves negligence on Mobil's part.

This question has arisen before, and regardless of premium arrangements, where any employer elects to provide workers' compensation insurance, complies with the law and posts the appropriate notices, the compensation plan is in full force and effect. The exhibits to defendants' motion for summary judgment show that Mobil has had continuous workers' compensation insurance from 1965 through 1995, with Forum and various other insurance companies, and has complied with the various requirements of the laws of Texas as revised from time to time by the Texas legislature.

There is no Texas case which holds that such arrangement is fraudulent, and Ballenger and Patterson or their attorneys have cited no case so holding, and the court has not discovered any in its research.

Accordingly, the plaintiff failed to show fraud upon the court 25 years ago, or since that time.

*CLASS ACTION*

In view of the rulings of the court made, it is not an absolute necessary to rule on the application for class certification. However, it is pointed out here that the question of individual reliance is not suitable to be included in a class action. *Castano v. American Tobacco Company*, 84 F.3d 734 (5th Cir. 1996). The question of individual reliance of the thousands of such persons on those representations may or may not have been addressed by the state court.

The claims which were settled with individual defendants, under Texas law by compromise settlement agreement are presumed to be valid until set aside by a trial in state district court. It is difficult to imagine that each and every worker for Mobil since 1965 would so claim.

Except for death actions, each claim would have to be evaluated by a jury on an individual basis of permanent or temporary disability total or partial disability, individual damages awarded depending on a particular plaintiff's age, wage, dependents, mental and physical anguish, earnings and earning capacity. It is difficult for this court to find typicality in such a morass of individual facts. It is sufficient to point out these matters to Ballenger's and Patterson's attorneys before they contemplate the rainbow of riches which they perceive will shower upon them even if successful in their request to reopen these old cases.

Mrs. Whitehead's request comes too late to set aside a judgment which is now over a quarter of a century old. Her further delay by pursuing state court actions well before filing her request to reopen here further compounds her dilatory request.

For the foregoing reasons, the request to reopen is DENIED, the motions to intervene are DENIED, the defendant's motion for summary judgment is GRANTED, and all other motions are DENIED as moot.

Costs will be taxed against the plaintiffs.